456 So.2d 498 (1984)
NORTH BROWARD HOSPITAL DISTRICT d/b/a Broward General Medical Center, and Jennie Poore, CRNA, Appellants,
v.
Nancy FINKELSTEIN and Alexander Finkelstein, Her Husband, Appellees.
No. 83-1571.
District Court of Appeal of Florida, Fourth District.
August 29, 1984.
Rehearing Denied October 18, 1984.
Ellen Mills Gibbs of Gibbs & Zei, and William D. Ricker, Jr., of Fleming, O'Bryan & Fleming, Fort Lauderdale, for appellants.
Stuart Z. Grossman of Spence, Payne, Masington & Grossman, and Joel D. Eaton of Podhurst, Orseck, Parks, Josefsberg, Eaton, Meadow & Olin, Miami, for appellees.
PER CURIAM.
Mr. and Mrs. Finkelstein sued appellants for medical malpractice and received a judgment in their favor. The judgment reserved jurisdiction for the taxation of costs. It did not reserve jurisdiction for an award of attorney's fees.
After entry of judgment, and after it had become final through passage of time, the Finkelsteins made a motion to assess attorney's fees. The amount of $25,000.00 was awarded. Appellants are aggrieved. This appeal ensued. We reverse.
We hold that the trial court is without jurisdiction to make an award of attorney's fees after entry of final judgment, and that judgment has become final through passage of time, if that judgment does not expressly provide for a reservation of jurisdiction for that purpose. Jackson v. Jackson, 390 So.2d 787 (Fla. 1st DCA 1980); Oyer v. Boyer, 383 So.2d 717 (Fla. 4th DCA 1980); Frumkes v. Frumkes, 328 So.2d 34 (Fla. 3d DCA 1976). But see Young v. Altenhaus, 448 So.2d 1039 (Fla. 3d DCA 1983).
Except for the jurisdictional flaw, the Finkelsteins would clearly be entitled to attorney's fees under the provisions of Section 768.56, Florida Statutes (1983), inasmuch as they were the prevailing parties in a medical malpractice action.
How could this problem have been avoided? Of course, the trial court could and *499 should have reserved jurisdiction to award attorney's fees. On the other hand, counsel could have called the omission to the trial court's attention by a timely motion under the provisions of Florida Rule of Civil Procedure 1.530. Perhaps, depending on the facts, a remedy could be found under Florida Rule of Civil Procedure 1.540.
Finally, an appeal of the final judgment could have been lodged because of its failure to award attorney's fees or reserve jurisdiction for that purpose. Such appeal would be premised upon the notion that once a final judgment is rendered on the merits of a cause by a court of competent jurisdiction, that judgment becomes conclusive on the questions and facts which were in issue. In other words, an adjudication contemplates that the claims of all parties have been considered and set at rest. See Harris v. Great Southern Life Ins. Co., 558 F. Supp. 689 (M.D.Fla. 1983); Tucker v. Walker, 335 So.2d 636 (Fla. 2d DCA 1976); Miller v. Scobie, 152 Fla. 328, 11 So.2d 892 (1943).
Reversed.
DOWNEY, HURLEY and WALDEN, JJ., concur.