Howard **FOLTA** and Joanne Folta, his wife, Plaintiffs-Appellants, Cross Appellees,

v.

Joseph **BOLTON**, M.D., et al., Defendants-Appellees,

and

Tarpon Springs General Hospital, Inc., a Florida Corporation, Defendant-Appellee, Cross Appellant.

No. 84–3219.

United States Court of Appeals, Eleventh Circuit.

March 27, 1985.

Mark Hicks, Daniels & Hicks, P.A., Thomas L. Hurst, Miami, Fla., for plaintiffs-appellants, cross-appellees.

Michael L. Kinney, Tampa, Fla., for Bolton, Atkinson, Bolton & Pendergrass.

Thomas Saieva, St. Petersburg, Fla., McClain, Thompson & Walsh, Tampa, Fla., for Berje.

Jeffrey C. Fulford, G. Bruce Hill, Orlando, Fla., for defendant-appellee, cross-appellant Tarpon Springs General Hosp., Inc.

James R. Freeman, Tampa, Fla., for Florida's Patient Compensation Fund.

Before FAY and JOHNSON, Circuit Judges, and DYER, Senior Circuit Judge.

PER CURIAM:

This diversity malpractice appeal raises two important questions concerning the application of Florida's "Attorney's Fees in Medical Malpractice Actions" statute, Fla. Stat. § 768.56 (1984),[1] to the situation

---

1. Florida Statute § 768.56 (1984) provides, in pertinent part, as follows:

... the court *shall award a reasonable attorney's fee to the prevailing party in any civil action* which involves a claim for damages by reason of injury, death, or monetary loss on account of alleged malpractice by any medical or osteopathic physician, podiatrist, hospital, or health maintenance organization.... When there is more than one party on one or both sides of an action, the court shall allocate its award of attorney's fees among prevailing parties and tax such fees against unprevailing parties in accordance with the principles of equity. (emphasis added).

where a plaintiff prevails on but one of five different and distinct malpractice claims brought against a particular co-defendant. Specifically, the first question concerns which party, under these circumstances, would be the "prevailing party" for purposes of awarding attorney's fees under § 768.56. The second question is whether the trial court has jurisdiction to award attorney's fees pursuant to this statute when jurisdiction to do so was not expressly reserved in the final judgment. Because the Florida Supreme Court has not addressed these issues, and since separate Florida District Courts of Appeal have reached opposite conclusions as to at least one of them, we certify the questions, as authorized by rule, to the Supreme Court of Florida.[2]

CERTIFICATE FROM THE UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT TO THE SUPREME COURT OF FLORIDA, PURSUANT TO RULE 9.150, FLORIDA RULES OF APPELLATE PROCEDURE.

TO THE SUPREME COURT OF FLORIDA AND THE HONORABLE JUSTICES THEREOF:

It appears to the United States Court of Appeals for the Eleventh Circuit that the above-styled case in this Court involves questions or propositions of the law of the State of Florida that are determinative of the cause, and there appear to be no clear controlling precedents in the decisions of the Supreme Court of Florida. This Court hereby certifies the following questions of law to the Supreme Court of Florida for instructions concerning said questions of law, based on the facts recited herein, pursuant to Rule 9.150, Florida Rules of Appellate Procedure, as follows:

## I. STYLE OF THE CASE

The style of the case in which this certificate is made is *Howard Folta and Joanne Folta,* Plaintiffs/Appellants, *versus Joseph Bolton, M.D., et al.,* and *Tarpon Springs General Hospital, Inc.,* Defendants/Appellees, Case No. 84-3219, United States Court of Appeals for the Eleventh Circuit, on appeal from the United States District Court for the Middle District of Florida.

## II. STATEMENT OF FACTS

This is an appeal by plaintiffs, Howard Folta and Joanne Folta, from an order of the trial court refusing to award them attorney's fees pursuant to Fla.Stat. § 768.-56, which requires the award of such fees to the prevailing party in a medical malpractice action. The jury in the instant case rendered a verdict in favor of the plaintiffs and the judgment entered thereon was fully satisfied. The issues on appeal relate only to attorney's fees.

Mr. Folta was seriously injured in a motorcycle accident and was taken to Tarpon Springs General Hospital ("Hospital") for treatment. After x-rays had been taken, doctors diagnosed a fracture of Mr. Folta's hip which required surgery. It was later discovered that the hip was dislocated and not fractured. This improper diagnosis allegedly resulted in injury to the patient's siatic nerve. In addition, doctors failed altogether to diagnose a cervical spine fracture despite numerous complaints of neck pain by Mr. Folta.

The Foltas subsequently filed this medical malpractice suit and named as individual defendants Tarpon Springs General Hospital, the emergency room physician, two general surgeons who attended Folta, and a radiologist. The basis of the claim against the Hospital was that it was vicari-

---

**2.** Fla.R.App.P. 9.150 provides in relevant part:
(a) **Applicability.** Upon either its own motion or that of a party, the Supreme Court of the United States or the United States Court of Appeals may certify a question of law to the Supreme Court of Florida whenever the answer is determinative of the cause and there is no controlling precedent of the Supreme Court of Florida.

(b) **Certificate.** The certificate shall contain the style of the case, a statement of the facts showing the nature of the cause and circumstances out of which the questions of law arise, and the questions of law to be answered. The certificate shall be prepared as directed by the federal court. It shall be certified to the Supreme Court of Florida by the clerk of the federal court.

ously liable for the alleged negligence of its doctors, nurses, and physical therapist.

Upon the conclusion of the presentation of the evidence, the appellants elected to present five different, distinct and severable claims against the Hospital to the jury. These claims were in addition to those brought against the individual staff members. Each of these claims involved different persons, allegedly the agent or servant of the Hospital, different times of occurrence, different acts or conduct allegedly described as malpractice, with resulting different injuries.[3] Each of these distinct claims form the basis of a lawsuit in and of itself.[4]

Of the five different and distinct claims brought against the Hospital, the jury sided with the plaintiffs on only one. Specifically, the jury determined that the hospital's physical therapist was 15% negligent in regard to additional damage to plaintiff's neck injury. Consequently, we can conclude that the hospital prevailed on at least three, and possibly four,[5] of the five charges brought against it but the plaintiff prevailed in the sense of obtaining a judgment against the Hospital.

## III. APPLICABLE STATE LAW

The applicable Florida statute, § 768.56, provides that the *prevailing party* in any medical malpractice action is entitled to an award of attorney's fees. The obvious question which arises out of this set of facts is which party is to be deemed the prevailing party? On the one hand, it was the plaintiff who secured an affirmative judgment in his favor at the conclusion of the case. On the other hand, the Hospital prevailed on the majority of claims brought against it. This court is unaware of any Florida cases which deal precisely with this issue. Accordingly, we defer resolution of this matter to the Florida Supreme Court.

Another unique issue is raised by appellees in regard to the trial court's jurisdiction to award attorney's fees. Appellees note that the final judgment never expressly reserved jurisdiction for the taxation of attorney's fees. According to appellees, the trial court is therefore without jurisdiction to award attorney's fees to either party. In support of their position, appellees cite *North Broward Hospital District v. Finkelstein*, 456 So.2d 498 (Fla. 4th DCA 1984), where the Fourth District Court of Appeals held that where final judgment in a medical malpractice case fails to expressly reserve jurisdiction to tax attorney's fees, the trial court is without jurisdiction after entry of the final judgment to tax attorney's fees under § 768.56.

It appears to this court, however, that *Finkelstein* is in conflict with an earlier Third District Court of Appeals decision.

---

3. The five claims brought against the Hospital are as follows:

    1. Claim against emergency room physician—The plaintiffs attempted to hold the Hospital vicariously responsible for the alleged negligence of Hugh Rutledge, M.D., even though he was dismissed prior to trial.

    2. Claim against physical therapist—The plaintiffs attempted to hold the Hospital vicariously responsible for the alleged negligence of the physical therapist in failing to inform the attending physicians of neck complaints.

    3. Claim against x-ray technologist—The plaintiffs attempted to hold the Hospital vicariously responsible for the alleged negligence of the x-ray technologist.

    4. Claim against radiologist—The plaintiffs attempted to hold the Hospital vicariously responsible for the medical malpractice and negligence of Albert Berje, M.D., whom the Plaintiffs claimed was an agent or employee of the Hospital.

    5. Claim against nurses—The plaintiffs attempted to hold the Hospital responsible for the alleged negligence of the nursing staff of the Hospital in allowing an injury to occur on the heel of Mr. Folta's foot while he was hospitalized.

4. Pursuant to Rule 8, Federal Rules of Civil Procedure, relief in the alternative or of several different types may be demanded in one lawsuit.

5. The percentage of negligence attributed by the jury to Dr. Albert Berje, the Hospital's radiologist, for the consequential injury to Mr. Folta's hip was 100%. Although the verdict found that Berje was an employee of the Hospital in committing malpractice, the judgment entered thereon apparently did not require the Hospital to be liable for Dr. Berje's negligence.

In *Young v. Altenhaus,* 448 So.2d 1039 (Fla. 3d DCA 1983), the Third District held that the trial court did have jurisdiction to award attorney's fees despite having neglected to expressly reserve such in the final judgment. Again we recognize that the Supreme Court of Florida is the appropriate authority for resolution of this particular issue.

Because the Florida Supreme Court has not addressed these two issues, and because there appears in one to be a conflict of authority, we certify the questions to the Supreme Court of Florida.

## IV. QUESTIONS FOR THE SUPREME COURT OF FLORIDA [6]

First, when a plaintiff in a medical malpractice suit recovers a judgment against a defendant based on but one of five separate and distinct claims brought against that defendant, which of the two parties is considered the "prevailing party" for purposes of awarding attorney's fees pursuant to § 768.56?

Second, does a trial court have jurisdiction to award attorney's fees pursuant to § 768.56 when the final judgment entered in the case fails to expressly reserve jurisdiction to make such an award?

---

6. We repeat what we have often said in the past: [T]he particular phrasing used in the certified question is not to restrict the Supreme Court's consideration of the problems involved and the issues as the Supreme Court perceives them to be in its analysis of the record certified in this case. This latitude extends to the Supreme Court's restatement of the issue or issues and the manner in which the answers are to be given, whether as a comprehensive whole or in subordinate or even contingent parts.
*Martinez v. Rodriquez,* 394 F.2d 156, n. 6 (5th Cir.1968).