493 So.2d 440 (1986)
Howard FOLTA, et Ux, Plaintiffs-Appellants, Cross-Appellees,
v.
Joseph BOLTON, M.D., et al., Defendants-Appellees, and
Tarpon Springs General Hospital, Inc., Etc., Defendant-Appellee, Cross-Appellant.
No. 66,784.
Supreme Court of Florida.
September 4, 1986.
*441 Dixon, Dixon, Hurst & Nicklaus, P.A., and Mark Hicks of Daniels and Hicks, P.A., Miami, for plaintiffs-appellants, cross-appellees.
Thomas Saieva of McClain, Saieva, Thompson & Walsh, Tampa, for defendants-appellees.
Jeffrey C. Fulford of Adams, Hill & Fulford, Orlando, for defendant-appellee, cross-appellant.
PER CURIAM.
Pursuant to Florida Rule of Appellate Procedure 9.150, the United Statutes Court of Appeals for the Eleventh Circuit has certified to us two questions concerning attorney's fees in a medical malpractice action. Folta v. Bolton, 758 F.2d 520 (11th Cir.1985). We have jurisdiction. Art. V, § 3(b)(6), Fla. Const.
This action arose when Howard Folta brought a medical malpractice action against Tarpon Springs General Hospital and several of its employees including a radiologist named Dr. Berje. Folta claimed that Tarpon Springs was vicariously liable for the negligence of its employees.
Folta brought two unrelated claims against Dr. Berje, one alleging negligence in interpreting an x-ray of his hip and the other alleging the negligent failure to diagnose a fracture of the neck. A directed verdict was entered in favor of Dr. Berje as to the claim concerning the neck injury. The jury found Dr. Berje 100% responsible for the hip injury; accordingly, a judgment against Berje was entered on that claim.
Folta chose to bring five separate, distinct and severable claims against Tarpon Springs. Each claim involved different acts or conduct occurring at different times, by different persons, allegedly agents or servants of the hospital, resulting in different injuries.[1] Tarpon Springs ultimately prevailed on at least three and possibly four of the claims. Folta prevailed on at least one of the five claims.[2] *442 Section 768.56, Florida Statutes (1983),[3] provides that attorney's fees shall be awarded to the "prevailing party" in a medical malpractice action. The trial court found, and Tarpon Springs argues here, that Folta is not entitled to prevailing party attorney's fees because Folta only prevailed on one of his five asserted claims.
Folta appealed the denial of attorney's fees to the Eleventh Circuit. Tarpon Springs filed a cross-appeal alleging that it should be awarded prevailing party attorney's fees for those claims upon which Folta was unsuccessful. Similarly, Dr. Berje argues that he is entitled to an award of prevailing party attorney's fees for those fees incurred defending the neck injury claim.
The first question certified to this Court is:
[W]hen a plaintiff in a medical malpractice suit recovers a judgment against a defendant based on but one of five separate and distinct claims brought against that defendant, which of the two parties is considered the "prevailing party" for purposes of awarding attorney's fees pursuant to § 768.56?
758 F.2d at 523.
We hold that in a multicount medical malpractice action, where each claim is separate and distinct and would support an independent action, as opposed to being an alternative theory of liability for the same wrong, the prevailing party on each distinct claim is entitled to an award of attorney's fees for those fees generated in connection with that claim. We reach this conclusion after considering the instant case in light of our decision in Hendry Tractor Co. v. Fernandez, 432 So.2d 1315 (Fla. 1983). In Hendry Tractor, we held that a plaintiff in a multicount personal injury action who prevailed on one theory of liability, but lost on another, was entitled to recover costs pursuant to section 57.041, Florida Statutes (1979). Folta argues that under the reasoning of Hendry Tractor and other authority, he was the "prevailing party" and thus, was entitled to recover all the attorney's fees he incurred for the entire litigation. Although section 57.041 provides for costs to "the party recovering judgment" and section 768.56 provides for "prevailing party" attorney fees, we concede that the same principles should be applied under each provision.
However, the instant case is procedurally distinguishable from Hendry Tractor. In Hendry Tractor, the plaintiffs brought suit on two theories of liability, negligence and breach of warranty/strict liability, for injuries arising out of a single set of circumstances. Florida's adoption of modern pleading rules permitting alternative pleadings of causes of action arising, or which could arise, out of the same transaction was a significant factor in our conclusion in Hendry Tractor that this Court's 1908 interpretation of the then applicable cost statute, section 1736, Florida Statutes (1906), in Marianna Mfg. Co. v. Boone, 55 Fla. 289, 45 So. 754 (1908) was outdated. 432 So.2d at 1317. In Marianna Mfg. Co., we concluded that "[w]here the verdict is in effect for the defendant on any one or more of the counts of a declaration the costs should be taxed as the statute and rules direct." 55 Fla. at 291, 45 So. at 755.
Another factor in our refusal in Hendry Tractor Co. to apply the principles enunciated in Marianna Mfg. Co. was our recognition of the "interdependence of recovery theories arising in the area of products liability." Hendry Tractor, 432 So.2d at 1317. We reasoned, that because the theories *443 of strict liability and negligence "complement" each other, they are best presented together to ensure that all pertinent issues are addressed. We then concluded "to penalize with costs a party recovering net judgment for following such a legitimate procedural avenue would run contrary to fundamental principles of justice." Id.
None of the concerns underlying our holding in Hendry Tractor are implicated in the instant case. In this case, we are not dealing with alternative theories of liability for a single injury sustained; we are dealing with five separate and distinct claims brought against Dr. Berje. The Eleventh Circuit states that "each of these distinct claims form (sic) the basis of a lawsuit in and of itself." 758 F.2d at 522. We interpret this to mean that each claim is an independent cause of action for which a separate suit could have been maintained.
If separate suits had in fact been filed and tried, the defendants would clearly have been entitled to attorney's fees in those suits in which they prevailed. See, e.g., Cato v. West Florida Hospital, 471 So.2d 598 (Fla. 1st DCA 1985). We see no reason why this should not be the case where, as here, instead of filing multiple law suits the plaintiff joins all his claims in one suit, and loses one or more of these independent claims. In such a case, the defendant would be the "prevailing party" under section 768.56 on those claims which are determined in his favor.
Such an approach, unlike the "net winner" approach advocated by Folta, is consistent with the legislative purpose underlying section 768.56 to discourage frivolous medical malpractice actions. See Ch. 80-67, Laws of Fla. Under Folta's "net winner" approach, a plaintiff with one meritorious claim for a minor injury would be encouraged to join a number of non-meritorious claims against the same defendant for unrelated injuries, secure in the knowledge that if he prevailed on the meritorious claim, but lost on the other claims, he would collect attorney's fees for the entire litigation.
Our approach is also in accordance with the general equitable principles enunciated in section 768.56, which provides in part:
When there is more than one party on one or both sides of an action, the court shall allocate its award of attorney's fees among prevailing parties and tax such fees against nonprevailing parties in accordance with the principles of equity.
A case involving multiple parties is sufficiently analogous to a case involving multiple claims to further persuade us to conclude that under section 768.56, where multiple claims, upon which a single medical malpractice action is predicated, are separate and distinct and would support an independent action, each party should recover attorney's fees for those claims on which he prevails. Accordingly, we conclude that Folta is entitled to an award of attorney's fees for those fees incurred in pursuance of his successful claims; Tarpon Springs and Dr. Berje are entitled to attorney's fees on each claim in which there was a defendant's verdict. Therefore, a remand to the trial court for a hearing to determine the amount of attorney's fees incurred by the prevailing party on each claim would be in order.
The second question certified to us by the United States Court of Appeals for the Eleventh Circuit is:
[D]oes a trial court have jurisdiction to award attorney's fees pursuant to § 768.56 when the final judgment entered in the case fails to expressly reserve jurisdiction to make such an award?
In Finkelstein v. North Broward Hospital District, 484 So.2d 1241 (Fla. 1986), we recently held that a trial court has jurisdiction to award prevailing party attorney's fees for a reasonable period of time despite the fact that the final judgment does not expressly reserve jurisdiction to do so.
Folta filed a motion for attorney's fees approximately two months after entry of final judgment. It appears that in their respective responses in opposition to Folta's motion for attorney's fees, both Tarpon Springs and Dr. Berje raised the issue of *444 their respective entitlement to prevailing party attorney's fees on those claims in which a defendant's verdict was returned. In White v. New Hampshire Department of Employment Security, 455 U.S. 445, 102 S.Ct. 1162, 71 L.Ed.2d 325 (1982), relied on by this Court in Finkelstein, the United States Supreme Court held that a post-judgment motion for attorney's fees must be made within a reasonable time and that a motion filed four and one-half months after entry of final judgment was filed within a reasonable time. Therefore, we conclude that Folta's motion for attorney's fees, filed approximately two months after entry of final judgment, was filed within a reasonable time. The defendants' request for set-off of awards was likewise timely.
Although not within the questions certified, but argued to us by the parties herein, we further advise the United States Court of Appeals for the Eleventh Circuit that if the cause of action in this case accrued prior to July 1, 1980, the effective date of section 768.56, then any award of attorney's fees is improper. Florida Patient's Compensation Fund v. Tillman, 487 So.2d 1032 (Fla. 1986); Cantor v. Davis, 489 So.2d 18 (Fla. 1986); Young v. Altenhaus, 472 So.2d 1152 (Fla. 1985).
Accordingly, the case is returned to the United States Circuit Court of Appeals for further disposition of this appeal.
It is so ordered.
McDONALD, C.J., and BOYD, OVERTON, EHRLICH and SHAW, JJ., concur.
ADKINS, J., concurs in part and dissents in part with an opinion.
ADKINS, Justice, concurring in part and dissenting in part.
I concur in that portion of the majority opinion which holds that the trial court has jurisdiction to award attorney's fees. I further agree with the majority's finding that Folta is entitled to prevailing party attorney's fees for those fees generated in connection with the claims in which he ultimately prevailed. However, I disagree with the majority's conclusion that Folta, a plaintiff who received an affirmative judgment, must pay "prevailing party" attorney's fees and Tarpon Springs and Dr. Berje, parties against whom an affirmative judgment was rendered, are entitled to collect "prevailing party" attorney's fees.
Case law involving prevailing party attorney's fees fully supports the position I advocate. For example, where both a complaint and a counterclaim are filed and the plaintiff prevails on one claim and the defendant prevails on the other claim, the "prevailing party" is deemed to be the net winner when the dust settles. Kirou v. Oceanside Plaza Condominium Association, Inc., 425 So.2d 650 (Fla. 3d DCA 1983); Kendall East Estates, Inc. v. Banks, 386 So.2d 1245 (Fla. 3d DCA 1980).
In Kirou, a condominium association sought to cancel a "pet agreement" and remove dogs from the premises. The owner, Kirou, filed a counterclaim for a declaration that the rules and regulations invoked by the association did not apply to him. The trial court ruled against Kirou on the counterclaim but ruled that the association could not evict the dogs. Both sides sought attorney's fees pursuant to the condominium declaration that provided for prevailing party attorney's fees. The trial court awarded both parties attorney's fees because each won part of the case. The Third District upheld the fee award to Kirou and reversed the fee award to the association. This holding was based on the fact that when the dust settled, the dogs were allowed to remain on the premises. The court noted "Kirou plainly won, and the association plainly lost the war." 425 So.2d at 651. Similarly, in this instance, Folta plainly won and Tarpon Springs and Dr. Berje plainly lost the war.
In Banks the vendor sued the purchasers for an underpayment on the agreed purchase price of a house. The purchasers filed a counterclaim against the vendor alleging breach of a supplementary agreement. Both parties were successful in their claims. A final judgment was entered in favor of the vendor for the difference *445 in the amount of the awards. Both sides sought to obtain prevailing party attorney's fees as provided for in the contract. The trial court ordered that both parties pay their own attorney's fees. Both sides appealed. The Third District affirmed the award of attorney's fees to the vendor and reversed the order awarding attorney's fees to the purchasers. Thus, Banks stands for the proposition that a party who is successful in reducing the amount of damages sought by a plaintiff is not entitled to prevailing party attorney's fees. Tarpon Springs and Dr. Berje should not be considered prevailing parties merely because they successfully defended certain allegations and thereby reduced the amount of damages sought by Folta.
The majority of this Court ignores the practical problems facing a patient who is treated by many members of a hospital staff and suffers an injury caused by the negligence of one or more of the staff members. Medical malpractice, as well as the issue of who is responsible for a particular portion of the malpractice, is extremely difficult to prove, particularly where many professionals are involved in the treatment of the patient. As a result, the injured party is often forced to sue all of the parties involved in the treatment. A patient should be allowed to join all of the potentially negligent parties without fear of having to pay attorney's fees.
The facts of this case illustrate the problems involved in proving which party actually caused which injury. Mr. Folta was taken to Tarpon Springs General Hospital following a motorcycle accident. Mr. Folta was examined in the emergency room by Dr. Rutledge, who assigned the case to Dr. Bolton. Dr. Rutledge ordered a hip x-ray. No lateral view x-ray was taken. Dr. Berje received the x-rays and diagnosed a fracture of the hip, which required surgery. It was ultimately discovered that there was no fracture. During his treatment at the hospital, Folta had a dislocation of the neck which went undiagnosed and untreated. Folta repeated complaints of pain to the physical therapist, Dr. Atkinson, and others. Folta also presented testimony that the nurses were negligent in allowing an ulcer to develop.
Dr. Rutledge was ultimately dismissed from this case pursuant to a stipulation of the parties. Dr. Bolton and Dr. Atkinson were both found to have legally caused Folta's neck injury. The trial court ultimately granted a directed verdict in favor of Dr. Berje as to the neck injury. The jury specifically found that Dr. Berje's negligence was the sole legal cause of Folta's neck injury. The jury did not find the nurses negligent in regard to Folta's ulcer.
The above-mentioned facts outline the great difficulties a hospital patient has in determining which of the many doctors legally caused the various injuries. The prevailing party should be the party that is one dollar ahead at the end of the litigation. Medical malpractice defendants can be protected by limiting the award of fees to those fees generated in pursuance of successful claims. A party who is on the losing side of a medical malpractice case, i.e., Tarpon Springs and Dr. Berje, should not be allowed to recover prevailing party attorney's fees merely because they successfully defended one allegation in a multicount complaint.
NOTES
[1] The five claims brought against the hospital are as follows:

1) claim against emergency room physician  the plaintiffs attempted to hold the hospital vicariously responsible for the alleged negligence of the emergency room physician even though the claim against him individually had been dismissed prior to trial.
2) claim against physical therapist  the plaintiffs attempted to hold the hospital vicariously liable for the alleged negligence of the physical therapist in failing to inform the attending physicians of Folta's neck complaint.
3) claim against x-ray technologist  the plaintiffs attempted to hold the hospital vicariously liable for the alleged negligence of the x-ray technologist.
4) claim against radiologist  the plaintiffs attempted to hold the hospital vicariously responsible for the medical malpractice and negligence of the radiologist, Albert Berje, M.D., whom the plaintiffs claimed was an agent or employee of the hospital.
5) claim against nurses  the plaintiffs attempted to hold the hospital vicariously responsible for the alleged negligence of its nursing staff in allowing an injury to occur on the heel of Folta's foot while he was hospitalized.
[2] The jury determined that the hospital's physical therapist was 15% negligent in regard to additional damage to Folta's neck injury.
[3] Section 768.56, Fla. Stat. (1983) provides in part:

Attorney's Fees in Medical Malpractice Actions. 
(1) Except as otherwise provided by law, the court shall award a reasonable attorney's fee to the prevailing party in any civil action which involves a claim for damages by reason of injury, death, or monetary loss on account of alleged malpractice by any medical or osteopathic physician, podiatrist, hospital, or health maintenance organization... .
This section was repealed by Ch. 85-175 § 43, Laws of Fla. Section 768.595, Florida Statutes (1985) which is entitled "Attorney's Fees in Medical Malpractice Actions" makes no provision for prevailing party attorney's fees.