**Howard FOLTA and Joanne Folta, his wife, Plaintiffs-Appellants, Cross Appellees,**

v.

**Joseph BOLTON, M.D., et al., Defendants-Appellees,**

and

**Tarpon Springs General Hospital, Inc., a Florida Corporation, Defendant-Appellee, Cross Appellant.**

No. 84–3219.

United States Court of Appeals, Eleventh Circuit.

Dec. 22, 1986.

Mark Hicks, Daniels and Hicks, P.A., Miami, Fla., for Howard and Joanne Folta.

Michael L. Kinney, Tampa, Fla., for Bolton, Atkinson, Bolton & Pendergrass.

Thomas Saieva, McClain, Thompson & Walsh, Tampa, Fla., for Berje.

Jeffrey C. Fulford, Orlando, Fla., for Tarpon.

James R. Freeman, Tampa, Fla., for Florida's Patient Compensation Fund.

Before FAY and JOHNSON, Circuit Judges, and DYER, Senior Circuit Judge.

PER CURIAM:

This diversity case involves the propriety of claims for attorney's fees in a medical malpractice action pursuant to Fla.Stat. § 768.56 (1983). The district court denied the claims. On March 27, 1985, this court certified two questions [1] regarding the application of section 768.56 to the Florida Supreme Court. *Folta v. Bolton*, 758 F.2d 520, 523 (11th Cir.1985). The Florida Supreme Court resolved these questions in an opinion dated September 4, 1986.[2] *Folta v. Bolton*, 493 So.2d 440, 442–44 (Fla.1986). The Florida Supreme Court further advised this court that subsequent to this court's certification, the Florida Supreme Court ruled that awards under section 768.56 are improper for causes of action which accrued prior to July 1, 1980. *Folta*, 493 So.2d at 444. After reviewing the record, we find that the cause of action in this case accrued prior to July 1, 1980. Section 768.-56 does not operate retroactively. *Cantor v. Davis*, 489 So.2d 18, 20 (Fla.1986); *Florida Patient's Compensation Fund v. Tillman*, 487 So.2d 1032, 1035 (Fla.1986); *Young v. Altenhaus*, 472 So.2d 1152, 1154 (Fla.1985).

Accordingly, the district court's denial of attorney's fees pursuant to section 768.56 is AFFIRMED.

---

1. The questions certified to the Florida Supreme Court were:

First, when a plaintiff in a medical malpractice suit recovers a judgment against a defendant based on but one of five separate and distinct claims brought against that defendant, which of the two parties is considered the "prevailing party" for purposes of awarding attorney's fees pursuant to § 768.56?

Second, does a trial court have jurisdiction to award attorney's fees pursuant to § 768.56 when the final judgment entered in the case fails to expressly reserve jurisdiction to make such an award?

*Folta*, 758 F.2d at 523.

2. Addressing the first question, the Florida Supreme Court stated "in a multicount medical malpractice action, where each claim is separate and distinct and would support an independent action, as opposed to being an alternative theory of liability for the same wrong, the prevailing party on each distinct claim is entitled to an award of attorney's fees for those fees generated in connection with that claim." *Folta*, 493 So.2d at 442.

Addressing the second question, the Florida Supreme Court stated "a trial court has jurisdiction to award prevailing party attorney's fees for a reasonable period of time despite the fact that the final judgment does not expressly reserve jurisdiction to do so." *Folta*, 493 So.2d at 443.