520 So.2d 627 (1988)
Norma H. POOLE, As Personal Representative of the Estate of Stanley Poole, Appellant/Cross-Appellee,
v.
TALLAHASSEE MEMORIAL HOSPITAL, MEDICAL CENTER, INC., a Florida Non-Profit Corporation, Appellee/Cross-Appellant.
No. BR-283.
District Court of Appeal of Florida, First District.
February 8, 1988.
Rehearing Denied March 15, 1988.
*628 Ernest W. Welch and W. Bradley Munroe of Welch, Munroe & Black, P.A., Tallahassee, for appellant/cross-appellee.
John D. Buchanan, Jr. and Edwin R. Hudson of Henry, Buchanan, Mick & English, Tallahassee, for appellee/cross-appellant.
ERVIN, Judge.
Appellant, Norma H. Poole, as personal representative of the Estate of Stanley Poole, appeals a circuit court order denying an award of attorney's costs and fees pursuant to Section 768.56, Florida Statutes (1983), providing for the award of attorney's fees to the prevailing party in a medical malpractice action. Tallahassee Memorial Regional Medical Center, Inc. (TMRMC), cross-appeals, arguing that it should be treated as a prevailing party for purposes of awarding attorney's fees pursuant to the above statute. We reverse the order as to the appeal by Norma H. Poole, and affirm as to the cross-appeal by TMRMC.
Norma H. Poole filed a complaint on January 20, 1984, under the wrongful death (Sections 768.16-768.26, Florida Statutes) and the survival statute (Section 46.021, Florida Statutes), against TMRMC, alleging the latter's negligence in the treatment of Mr. Poole, causing his injury and ultimate death. A jury found that the negligence of TMRMC was not the legal cause of the death of Stanley Poole, but did result in injury to him, and awarded damages in the amount of $126,140.80, under the survival statute, which was reduced to $98,491.44 by the amount owed and outstanding to TMRMC, $27,649.36. Appellant was awarded costs in the amount of $3,942.48. Appellant filed a motion for assessment of attorney's fees pursuant to Section 768.56, Florida Statutes, allowing the prevailing party in a claim for damages arising from medical malpractice to be entitled to a reasonable attorney's fee. TMRMC also filed a motion for attorney's fees, on the theory that it had prevailed under the wrongful death statute, and was therefore a prevailing party for purposes of attorney's fees pursuant to section 768.56.
The lower court issued an order denying appellant's petition for attorney's fees, due to the repeal during the pendency of the action of the provision for fees in 1985 by Chapter 85-175, Section 43, Laws of Florida, and the rationale of this court in Division of Workers' Compensation v. Brevda, 420 So.2d 887 (Fla. 1st DCA 1982). The court also ruled that TMRMC was not entitled to an attorney's fee, regardless of the repeal of section 768.56, because it was not a prevailing party, citing Folta v. Bolton, 493 So.2d 440 (Fla. 1986).
The lower court erred in its construction of the effect of the repealer clause. Section 768.56, Florida Statutes (1983), formerly provided that "the court shall award a reasonable attorney's fee to the prevailing party in any civil action which involves a claim for damages by reason of injury, death or monetary loss on account of alleged malpractice by any medical or osteopathic physician, podiatrist, hospital, or health maintenance organization... ." Section 768.56 was repealed by Section 43 of Chapter 85-175, Laws of Florida. Section 48 of Chapter 85-175 states that unless otherwise provided, the act is prospective and does not apply to actions *629 filed on or before the effective date of the act. Section 55 states the effective date is October 1, 1985. The second amended complaint in the instant case was filed on April 5, 1984. In our opinion, based on the date of the second amended complaint, and the clear language in the repealer, the trial court erred in comparing the statute in the instant case to that in Division of Workers' Compensation v. Brevda, wherein we held that the right to attorney's fees under Section 960.19, Florida Statutes (1979), was procedural, and "where it has not been reduced to judgment or otherwise executed, it falls with the repeal of the statute, absent a savings clause in the statute." 420 So.2d at 891 (e.s.). Where, however, a statute, such as that in the instant case, contains a savings clause, the type of analysis performed in Brevda is unnecessary. The plain meaning of the savings clause is self-evident and there is no need to resort to further interpretation. That portion of the order denying appellant attorney's fees due to the repeal of section 768.56 is therefore reversed and the cause remanded for determination of a reasonable amount.
TMRMC filed a cross-appeal, arguing, in reliance on Folta v. Boton, that it is entitled to attorney's fees in the event that appellant is awarded attorney's fees, because it was also a prevailing party, as it prevailed in the wrongful death action. Folta permitted the prevailing party a separate fee on each claim in "a multi-count medical malpractice action, where each claim is separate and distinct and would support an independent action, as opposed to being an alternative theory of liability for the same wrong... ." 493 So.2d at 442 (e.s.). In Folta the plaintiff brought five claims against the hospital, alleging five distinct acts of negligence caused by five different persons or groups of persons at the hospital. In permitting separate fees, the court in Folta, however, distinguished its earlier opinion in Hendry Tractor Co. v. Fernandez, 432 So.2d 1315 (Fla. 1983), where the plaintiffs in a multiple-count personal injury action alleged a single injury, but brought actions based on separate legal theories. The plaintiffs there prevailed on their count sounding in negligence, but not on their theory of strict liability/breach of warranty. The court held that the plaintiffs, who had prevailed on one theory of liability, were entitled to costs, pursuant to Section 57.041, Florida Statutes, which provides that a party recovering a judgment shall also recover legal costs.
The analysis used by the supreme court in Hendry Tractor Co. is also applicable to the instant case. Here the appellant filed a multi-count action based on alternative theories of negligence and wrongful death. The negligence count incorporated by reference the factual allegations made in the wrongful death count. Because the two claims were mutually exclusive, the plaintiff could not have recovered on both. As the trial court instructed the jury: "[A] finding in favor of the Plaintiff by either claim requires that the other claim not be considered."[1] As in Hendry Tractor Co., the plaintiff in the instant case prevailed on the fundamental issue of whether negligence had occurred.[2] The *630 hospital only prevailed on an alternative theory of liability (wrongful death), which appellant argued evolved from the hospital's negligent actions. We thus affirm that portion of the trial court's order holding that TMRMC is not a prevailing party under the terms of section 768.56, and is therefore not entitled to recover attorney's fees.
AFFIRMED in part, REVERSED in part and remanded with directions that appellant be awarded reasonable attorney's fees and costs only as to the count on which she prevailed.
SMITH, C.J., and BOOTH, J., concur.
NOTES
[1] The wrongful death and survival statutes create distinct causes of action. The Wrongful Death Act, Sections 768.16-768.27, Florida Statutes, terminates a party's right to bring an action for personal injury if the personal injury to the decedent results in his death. Section 768.20 specifically states in part: "When a personal injury to the decedent results in his death, no action for the personal injury shall survive, and any such action pending at the time of death shall abate." The survival statute, section 46.021, states that causes of action do not die with the person. Under modern rules of pleading it is acceptable to plead the mutually exclusive causes of action of the survival statute and the wrongful death statute. See Smith v. Lusk, 356 So.2d 1309 (Fla.2d DCA 1978). Failure to plead the alternative negligence claim under the survival act, when filing a wrongful death action, could make future litigation exceedingly difficult due to collateral estoppel or estoppel by judgment.
[2] The major distinction between Hendry Tractor Co. and the instant case is that while the remedies of wrongful death and the survival statute are mutually exclusive, the different theories of recovery in a products liability case are complementary and should be "presented together in order to address all pertinent issues." 432 So.2d at 1317.