GOSHORN, Judge.
Leo and Nancy Steinmetz appeal the final judgment entered on the jury verdict in favor of James and Vickie Johnson. The Johnsons’ suit against the Steinmetzes stemmed from an alleged misrepresentation by the Stein-metzes that the sod company .(G.D. Parker Sod, Inc.) the Steinmetzes were selling to the Johnsons had no debts or liabilities. The jury found in the Johnsons’ favor on the misrepresentation count and awarded the Johnsons $11,500. On appeal, the Stein-metzes argue, inter alia, that the suit was barred by the statute of limitations and that the court erred in denying their motion to tax costs against G.D. Parker Sod, Inc., where G.D. Parker Sod, Inc. lost on the sole claim asserted in its name. Because we find in their favor on these two issues, we need not address the remaining arguments raised by the Steinmetzes.
On May 12, 1988, the Steinmetzes and the Johnsons executed a contract whereby the Johnsons agreed to immediately purchase 32% of the shares of G.D. Parker Sod, Inc. from the Steinmetzes, with an option to purchase the remaining 68% one year from the closing date of June 1, 1988. Paragraph (e) of the contract contained the Steinmetzes’ warranty that G.D. Parker Sod, Inc. had no liabilities or obligations of any nature, absolute or contingent, other than those shown in an exhibit. No exhibit was attached to the contract, nor was one provided at any time. The Johnsons testified that the Steinmetzes verbally assured them that there were no liabilities. In June, 1988, the Johnsons learned to the contrary that there were undisclosed liabilities. Unfortunately, the Johnsons failed to file their complaint until November 24,1992.
A cause of action for misrepresentation is governed by a four year statute of limitations. § 95.11(3)(a), Fla.Stat. (1995). The cause of action accrues “when the last element constituting the cause of action oc^ curs.” § 95.031(1), Fla.Stat. (1995). The period runs “from the time the facts giving rise to the cause of action were discovered or should have been discovered with the exercise of due diligence.” § 95.031(2), Fla.Stat. (1995). The Johnsons’ suit, filed as it was some four years and five months after the Johnsons acquired knowledge of the misrepresentation, was barred by the statute of limitations.
*969 As to the Steinmetzes’ costs claim, the jury found against G.D. Parker Sod, Inc. on the only count asserted in its name. Nevertheless, the court denied the Steinmetzes’ costs claim relative to the defense of that count. The court found, “The Johnsons, individually and as the owners and principals of the corporation, are, in reality, the prevailing parties in this multi-count suit arising out of a single set of circumstances ...” On appeal, the Steinmetzes argue that pursuant to section 57.041,[1] they were entitled to recover those costs. We agree that G.D. Parker Sod, Inc. was liable for costs relative to the claim brought in its name, regardless of whether the Johnsons prevailed on any count.
There was no basis for the court to treat G.D. Parker Sod, Inc. as the Johnsons’ alter ego. G.D. Parker Sod, Inc. brought suit in its own name alleging a cause of action for breach of fiduciary duty against the Stein-metzes in their capacity as directors. Having lost, G.D. Parker Sod, Inc. is liable for costs. See Folta v. Bolton, 493 So.2d 440 (Fla.1986) (holding that if each count of a multicount complaint is separate and distinct and would support an independent action, as opposed to being alternative theories of liability for the same wrong, the prevailing party on each distinct claim is entitled to an award of his attorney’s fees).
Accordingly, we reverse and remand for entry of judgment, including costs, in favor of the Steinmetzes.
REVERSED and REMANDED.
GRIFFIN and ANTOON, JJ., concur.

. Section 57.041 provides in pertinent part, "The party recovering judgment shall recover all his or her legal costs and charges which shall be included in the judgment....”