**In re GRUBBS CONSTRUCTION COMPANY, Debtor.**

**National Erosion Control, Inc., Plaintiff,**

**v.**

**Grubbs Construction Company and United States Fire Insurance Company, Defendants.**

**Bankruptcy No. 03–08573–8W1.
Adversary No. 03–0347.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

March 15, 2004.

James S. Myers, Esq., Irene A. Bassel, Esq., McRae & Metcalf, P.A., Tampa, FL, for U.S. Fire.

Shawn M. Brannagan, Esq., The Hogan Law Firm, Brooksville, Fl, for Debtor.

Amanda Peralta Jarret, Esq., Clark, Campbell & Mawhinney, P.A., Lakeland, FL, for NEC.

*MEMORANDUM DECISION AND ORDER ON UNITED STATES FIRE INSURANCE COMPANY'S MOTION FOR ATTORNEYS' FEES AND COSTS AND NATIONAL EROSION CONTROL, INC.'S MOTION FOR FEES AND COSTS*

MICHAEL G. WILLIAMSON,
Bankruptcy Judge.

■ Under Florida law, the prevailing party is entitled to recover its attorney's fees in any action to enforce a claim against a payment bond. Where two independent claims are alleged, as opposed to alternative theories of liability for the same wrong, the prevailing party on each claim is entitled to an award of attorney's fees for those fees generated in connection with each claim.

■ In this case, the complaint contained two separate independent claims for damages. A settlement was reached in which the plaintiff was paid with respect to one of its claims and withdrew its other claim. Accordingly, for the reasons set forth below, the Court finds that the plaintiff is the prevailing party with respect to the first of the asserted claims and the defendant is the prevailing party with respect to the second of the plaintiff's claims. An evidentiary hearing will be scheduled to determine the extent of each party's entitlement to attorney's fees and cost.

*Procedural and Factual Background*

This adversary proceeding came before the Court on January 23, 2004, on Defendant United States Fire Insurance Company's ("U.S.Fire") Motion for Attorneys' Fees and Costs (Doc. No. 48) and Plaintiff National Erosion Control, Inc.'s ("NEC") Motion for Fees and Costs and Memorandum of Law (Doc. No. 49).

This action was brought by NEC in the Sixth Judicial Circuit in and for Pasco County, Florida, Case No. 51–2003–CA1018–ES ("Pasco County Case"), against Grubbs Construction Company ("Grubbs") and U.S. Fire, Grubbs' bonding company. After service of NEC's complaint on Grubbs and U.S. Fire, Grubbs filed a Voluntary Petition for Relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Middle District of Florida, Tampa Division, Case No. 03–8573–8W1. Grubbs removed the Pasco County Case to this court, and,

as a result, commenced this adversary proceeding (Adv.Doc. No. 1).

NEC's claim in its amended verified complaint against Grubbs and U.S. Fire relates to work performed and material supplied or purchased for a construction project known as the Handcart Road Restoration Project in Pasco County, Florida ("the Project"). Grubbs was the general contractor on the Project, and NEC performed work on the Project and purchased material that was to have been incorporated in the Project. NEC's claim against Grubbs was based upon a subcontract between NEC and Grubbs. NEC's claim against U.S. Fire was based on a statutory payment bond issued by U.S. Fire, as surety, with Grubbs as principal pursuant to Section 255.05 of the Florida Statutes.

There are two major components of the relief sought by NEC in its amended verified complaint. The separate components are described respectively in paragraphs 7 and 8 of NEC's amended complaint. In paragraph 7 of its amended complaint, NEC alleged that it "provided labor, services and material to Grubbs on the Project that totaled $97,261.90, exclusive of retainage." NEC's amended complaint also references copies of invoices provided to Grubbs substantiating the amount owed with respect to the $97,261.90 (hereinafter "Work Performed Claim").

In paragraph 8 of its amended complaint, NEC alleged that it "purchased 7114 square yards of Revetment Mat (Fabriform), at a cost of $64,026.00." These additional sums were incurred as a result of Change Order No. 2 which related to the purchase by NEC of revetment mat to be used in connection with the Project (hereinafter "Revetment Mat Claim").

The parties participated in court-ordered mediation on December 9, 2004. The mediation resulted in a mediated settlement of all issues except the one presently before the Court: Which party is the prevailing party?

Under the mediated settlement agreement attached to the parties' joint motion to compromise, the parties recite as follows:

WHEREAS, the parties wish to settle the above-referenced litigation subject to Bankruptcy Court approval;

WHEREAS, Plaintiff, National Erosion Control, Inc. ("NEC"), has asserted a claim in the above referenced action in the principal amount of $102,887.89 for the work, labor and services it performed on the Handcart Road Restoration Project, in Pasco, County, Florida (the "Project");

WHEREAS, NEC has withdrawn its claim for $64,026.00 incidental to its purchase of revetment mat incidental to Change Order No. 2 incidental to the Project;

U.S. Fire contends that since NEC withdrew its claim for Revetment Mat, it is the prevailing party as to that claim. NEC argues that pursuant to the Settlement Agreement, since it received a settlement payment from the Defendants, it is the prevailing party as to the entire action.

*Conclusions of Law*

Florida Statute section 255.05(2)(a)(2) provides that "in any action brought to enforce a claim against a payment bond under this section, the prevailing party is entitled to recover a reasonable fee for the services of his or her attorneys for trial and appeal or for arbitration, in the amount to be determined by the court which fee must be taxed as part of the prevailing party's costs, as allowed in equitable actions." The parties agree through their pleadings that section 255.05(2)(a)(2) is the controlling statute.

There is a dearth of precedent or other persuasive authority interpreting Florida Statute section 255.05(2)(a)(2). Therefore, the parties have cited similar prevailing party provisions in other statutes, and the cases interpreting those provisions as being persuasive and controlling authority in terms of how the Florida state courts have applied the prevailing party language contained in section 255.05(2)(a)(2) and other similar statutes.

■■■ The issue before this Court is one of state law. The federal courts are bound to follow the state courts on substantive state law issues. *See Galindo v. ARI Mutual Ins. Co.*, 203 F.3d 771, 775 (11th Cir.2000) (citing *Salve Regina College v. Russell*, 499 U.S. 225, 226, 111 S.Ct. 1217, 113 L.Ed.2d 190 (1991)). Absent a decision by the highest state court or persuasive indication that it would decide the issue differently, federal courts follow decisions of the intermediate appellate courts applying state law. *Galindo*, 203 F.3d at 775 (citing *Insurance Co. of N. Am. v. Lexow*, 937 F.2d 569, 571 (11th Cir.1991)). In fact, there is a procedure set up under which the Eleventh Circuit and all circuits may refer legal issues to the highest court within a state, in this instance the Florida Supreme Court, by way of a certification. *See Alltel Communications, Inc. v. City of Macon*, 345 F.3d 1219, 1225 (11th Cir.2003) ("Where there is any doubt as to the application of state law, a federal court should certify the question to the state supreme court to avoid making unnecessary … 'guesses' and to offer the state court the opportunity to interpret or change existing law.") (citations omitted). The Eleventh Circuit, in this certification process, requests the Florida Supreme Court to advise and determine the controlling issue of law so that the Eleventh Circuit can apply Florida law in deference to the Florida courts' rights to make a final determination as to Florida law.

This certification process was followed by the Eleventh Circuit in *Folta v. Bolton*, 493 So.2d 440 (Fla.1986). *Folta*, while in the context of a medical malpractice suit, decided precisely the prevailing party issue before this Court. Pertinently, the plaintiff in *Folta* brought five separate claims against Tarpon Springs General Hospital, each claim involved different acts or conduct occurring at different times and resulting in different injuries. *Id.* at 441. The Hospital ultimately prevailed on at least three and perhaps four of the claims; the plaintiff prevailed on one claim. *Id.* Section 768.56, Florida Statutes, the applicable statutory provision for medical malpractice claims, provides that attorneys' fees shall be awarded to the "prevailing party" in a medical malpractice action. *Id.* at 442. The trial court determined that the Hospital was the prevailing party because the plaintiff had only prevailed on one claim. *Id.*

On appeal, the question certified by the Eleventh Circuit to the Florida Supreme Court was:

> [W]hen a plaintiff in a medical malpractice suit recovers a judgment against a defendant based on but one of five separate and distinct claims brought against that defendant, which of the two parties is considered the "prevailing party" for purposes of awarding attorney's fees pursuant to § 768.56?

*Folta*, 493 So.2d at 442.

The Florida Supreme Court held that "where each claim is separate and distinct and would support an independent action, as opposed to being an alternative theory of liability for the same wrong, the prevailing party on each claim is entitled to an award of attorney's fees for those fees generated in connection with that claim." *Id.* In so holding, the Florida Supreme

Court expressly rejected the "net winner" approach advocated by the plaintiff, finding this approach contrary to the legislative purpose underlying section 768.56 to discourage frivolous medical malpractice actions. *Id.* at 443. The Court stated that under the "net winner" approach, "a plaintiff with one meritorious claim for a minor injury would be encouraged to join a number of non-meritorious claims against the same defendant for unrelated injuries, secure in the knowledge that if he prevailed on the meritorious claim, but lost on the other claims, he would collect attorney's fees for the entire litigation." *Id.*

The Florida Supreme Court in *Folta* also distinguished its decision in *Hendry Tractor Co. v. Fernandez,* 432 So.2d 1315 (Fla.1983). *Folta,* 493 So.2d at 442. In *Hendry,* the Florida Supreme Court held that in a personal injury action, a claimant who prevailed on one theory but lost on another should be considered the prevailing party. *Hendry,* 432 So.2d at 1316. The Florida Supreme Court distinguished *Folta* from *Hendry* because the plaintiff in *Hendry* brought suit on two alternative theories of liability, negligence and breach of warranty for the same injuries. Florida's modern pleading rules permit alternative pleadings of causes of action arising, or which could arise from the same transaction. *Folta,* 493 So.2d at 442.

Florida's district courts of appeal have applied *Folta* in analyzing other "prevailing party" statutes or provisions in contracts. *See, e.g., Park Lane Condominium Ass'n v. DePadua,* 558 So.2d 85, 86 (Fla. 1st DCA 1990) (in determining a claim for attorneys' fees pursuant to Florida Statute § 718.303, even though "all the claims were interrelated and arose out of the same operative core of facts" attorneys' fees should be awarded to the prevailing party as to each separate claim); *Consolidated Southern Security, Inc. v.*

*Geniac and Associates, Inc.,* 619 So.2d 1027, 1028 (Fla. 2nd DCA 1993)(where a contract provides that the "prevailing party" as to a dispute is entitled to its attorneys' fees and costs, where there are separate and distinct claims, "the prevailing party on each distinct claim is entitled to an award of attorney's fees in connection with that claim").

In the instant case, NEC states two claims for damages. While NEC does not set forth multiple counts, this structure is simply stylistic. NEC's claims could properly have been divided into separate counts. Nevertheless, clearly, there were separate breaches alleged for non-payment of monies that were owed. Applying *Folta* by its terms to the instant facts, U.S. Fire became the prevailing party on NEC's Revetment Mat Claim when NEC withdrew that claim.

NEC argues that it was not in a position to withdraw its claim before discovery. That argument can be made in any case. At the commencement of litigation, invariably, opposing parties believe that their position is the one with merit. Discovery often reveals that one or the other's position is not as strong as once believed and, like in the instant case, settlement may result. A claim may be withdrawn or settled at that point and the "prevailing party" must be determined based upon the pleadings and settlement agreement.

The pleadings demonstrate NEC asserted two separate independent claims, one for work performed and one for revetment mat purchased for the Project. In other words, NEC's claims are not alternative theories of liability.

NEC cites a number of decisions providing that a claimant on a bond, if the claimant recovers, is deemed the "prevailing party." *See, e.g., DCC Constructors, Inc. v. Yacht Club Southeastern, Inc.,* 839 So.2d 731, 733(Fla. 3rd DCA 2003); *All–Brite*

*Aluminum, Inc. v. Desrosiers,* 626 So.2d 1020, 1021–22 (Fla. 2nd DCA 1993). However, these cases do not analyze the facts under *Folta.* Instead, they appear to stand for the proposition that if a claimant on a bond prevails on his or her claim, even though the claim might be reduced, the claimant is the prevailing party. This authority is distinguishable from the instant facts, wherein the Plaintiff has asserted two separate and distinct claims.

### Conclusion

NEC asserted two claims for recovery on Defendant U.S. Fire's bond—one for work actually performed on the Project, and a second claim for revetment mat purchased pursuant to a change order for the Project. Accordingly, when the parties settled at mediation, NEC became the "prevailing party" pursuant to Florida Statute section 255.05(2)(a)(2) on its claim for work performed on the Project. When NEC withdrew its claim for the revetment mat, U.S. Fire became the "prevailing party" pursuant to Florida Statute section 255.05(2)(a)(2) on NEC's Revetment Mat Claim.

Thus, NEC's motion for attorney's fees and costs is granted to the extent that NEC is the "prevailing party" on its Work Performed Claim. NEC's motion is denied to the extent that NEC seeks to be deemed the "prevailing party" as to its entire claim on the Bond. U.S. Fire's motion for attorney's fees and costs is granted as U.S. Fire is the prevailing party on NEC's Revetment Mat Claim. Accordingly, it is

ORDERED:

1. Defendant U.S. Fire is the "prevailing party" as to Plaintiff NEC's Revetment Mat Claim;

2. Defendant U.S. Fire's motion for attorney's fees and costs (Doc. No. 48) is granted;

3. Plaintiff NEC is the "prevailing party" as to NEC's Work Performed Claim;

4. Plaintiff NEC's motion for fees and costs (Doc. No. 49) is granted in part and denied in part as more fully set forth above; and

5. An evidentiary hearing shall be held on March 24, 2004, at 1:30 p.m., to determine the reasonableness and quantity of time and attorneys' fees and costs expended on the separate claims.