[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-14536
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 26, 2012
JOHN LEY
CLERK

D.C. Docket No. 9:08-cv-80795-DTKH

FLAGSTAR BANK, FSB, a federally
chartered savings bank,

                                        Plaintiff-Counter Defendant-Appellee,

                    versus

A. M. HOCHSTADT,

                                        Defendant-Counter Claimant,

TEREZ HOCHSTADT,

                                        Defendant-Counter Claimant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(April 26, 2012)

Before CARNES, WILSON and COX, Circuit Judges.

PER CURIAM:

Terez Hochstadt ("Terez") sought an award of attorney's fees from Flagstar Bank, FSB ("Flagstar") for work done by her attorney in her defense in the district court. The district court denied her request for fees. Terez appeals, challenging the denial. We affirm.

Terez and her husband, A. M. Hochstadt, lived in Palm Beach County, Florida. In 2006, A. M. Hochstadt signed two promissory notes evidencing an indebtedness of several million dollars, payable to the Plaintiff, Flagstar. Terez did not sign the notes. But, to secure each note, Terez and her husband gave Flagstar two mortgages on their home, each mortgage securing one of the notes. About two years later, the Hochstadts ceased making payments on the indebtedness secured by these mortgages. Flagstar sued. Counts I and III of the complaint sought to recover on the notes. These counts asserted claims against A. M. Hochstadt alone. Counts II and IV requested a declaration that Flagstar held valid mortgages on the home and the right to foreclose those mortgages; they also sought "such further relief as [the court] deems proper." (R.1-1 at 5.) These counts sought relief against both Terez and A. M. Hochstadt.

The district court granted Flagstar summary judgment on all counts. Regarding Counts II and IV, the court permitted the bank to foreclose the mortgages on the home. And, the court also ordered Terez to pay Flagstar roughly $100,000 in money damages. The court reasoned that the mortgage agreements contained several

2

covenants (such as promises to pay insurance premiums, real estate taxes, and other costs), and that Terez and her husband breached these covenants when they ceased making mortgage payments. Thus, the court concluded, Flagstar was entitled to money damages from both Terez and her husband under the mortgage agreements.

Terez hired a new lawyer and appealed the award of money damages against her. This Court reversed that award. We held that, under the mortgage agreements, Flagstar was entitled to foreclose on Terez's interest in the home, but was not entitled to recover money damages from her.[1]

After remand, Terez requested attorney's fees for her first attorney's work in the district court. This is a diversity case, and the substantive law of Florida governs. *Ins. Co. of N. Am. v. Lexow*, 937 F.2d 569, 571 (11th Cir. 1991). Terez would be entitled to attorney's fees under Fla. Stat. 57.105(7) if she prevailed on a significant issue in this litigation before the district court. She contended that she was entitled to attorney's fees because she ultimately prevailed on the money damages issue. Terez also contended that Flagstar's claim for money damages was separate and distinct from its claim to foreclose the mortgages on the home. *See Folta v. Bolton*, 493 So. 2d 440, 442 (Fla. 1986). The district court referred this matter to a magistrate judge, who recommended denial of Terez's request for fees. Terez filed written

---

[1] Terez requested and received attorney's fees for her second attorney's work on her appeal.

objections with the district court. The court overruled Terez's objections and adopted the magistrate judge's report and recommendation.

Under Florida law, we review *de novo* "whether multiple claims within a lawsuit are separate and distinct for purposes of an award of attorney's fees." *Rosen Bldg. Supplies, Inc. v. Krupa*, 927 So.2d 899, 900 (Fla. Dist. Ct. App. 2005). We review for an abuse of discretion a court's decision about which party prevailed on the significant issues in the litigation. *See Moritz v. Hoyt Enters., Inc.*, 604 So.2d 807, 810 (Fla. 1992).

First, we address Terez's contention that Flagstar's claim for money damages is a separate and distinct claim under *Folta v. Bolton*, 493 So. 2d 440 (Fla. 1986). *Folta* permits a court to award attorney's fees to the prevailing party on each claim which "is separate and distinct and would support an independent action, as opposed to being an alternative theory of liability for the same wrong." 493 So. 2d at 442. We reject Terez's contention that *Folta* applies to this case. Flagstar's claim for money damages did not arise "from different acts resulting in different injuries." *Davis v. Prudential Sec., Inc.*, 59 F.3d 1186, 1195 (11th Cir. 1995). Instead, it arose from the same acts which entitled Flagstar to foreclose on the Hochstadt's home—i.e., the Hochstadt's failure to make their mortgage payments. The injury was also the same. Flagstar did not get paid when it was supposed to get paid. Flagstar's request for

4

different forms of relief for the same wrong does not make its claim separate and distinct. *See, e.g.*, *Musselwhite v. Charboneau*, 840 So. 2d 1158, 1160 (Fla. Dist. Ct. App. 2003) (claim not separate and distinct though plaintiff sought equitable relief and money damages). Counts II and IV of Flagstar's complaint primarily sought to foreclose the mortgages. But these counts also requested other proper relief, such as money damages. Becase Flagstar's claim for money damages was merely a portion of the relief it sought for the Hochstadt's default under the mortgage agreements, it is not a separate and distinct claim under *Folta*.

Next, Terez contends that the money damages issue was a significant one in the litigation in the district court. The magistrate judge applied the correct legal standard and rejected this contention in a well-reasoned report and recommendation. The district court considered Terez's written objections and then adopted the magistrate judge's report and recommendation. We conclude there was no abuse of discretion.

Finally, Terez contends that the district court should have awarded attorney's fees under 28 U.S.C. § 1927 because Flagstar engaged in abusive litigation practices. We review for an abuse of discretion. *McMahan v. Toto*, 256 F.3d 1120, 1128 (11th Cir. 2001). We conclude the district court did not abuse its discretion in refusing Terez's request.

AFFIRMED.