LESLIE F. HUNTT, Appellant

v.

GOVERNMENT OF THE VIRGIN ISLANDS

No. 14,884

United States Court of Appeals

Third Circuit

Argued September 18, 1964

Decided December 15, 1964

*See, also, 339 F.2d 309*

WARREN H. YOUNG (YOUNG & ISHERWOOD), St. Croix, Virgin Islands, *for appellant*

FRANCISCO CORNEIRO, Attorney General, St. Thomas, Virgin Islands, *for appellee*

Before BIGGS, *Chief Judge*, and McLAUGHLIN and STALEY, *Circuit Judges*

PER CURIAM

The plaintiff, Huntt, alleges in his complaint, as amended, that the Virgin Islands Legislature indicated its intent by an appropriate Resolution to issue revenue bonds on behalf of the plaintiff for the construction of a hotel project on the Island of St. Croix, subject to its approval of plans and specifications. The plaintiff further alleges that the Legislature, by an Act which recites the Resolution referred

to in the previous sentence, authorized the issuance of bonds according to the provisions of Section 8(b) of the Revised Organic Act of the Virgin Islands, as amended, 48 U.S.C.A. § 1574(b), in the amount of $3,000,000 for the purpose of establishing, constructing, operating, and maintaining a hotel and adjunct buildings by Leslie Huntt. By this Act, the Commissioner of Finance, upon the approval of the Governor of the Virgin Islands, was directed and authorized to take steps necessary to issue the bonds. A second Act of the Legislature specifically authorized the issuance of bonds in accordance with rules and regulations prescribed by the Commissioner of Finance and approved by the Governor of the Virgin Islands. The complaint further alleges that the plaintiff went to considerable expense in reliance upon the Resolution and Acts referred to and that he drafted appropriate rules and regulations, but that they were not put into effect and that the Virgin Islands Legislature by a subsequent Act repealed the authorizing legislation.

The plaintiff alleges that this is contrary to the Bill of Rights of the Virgin Islands, 48 U.S.C.A. § 1561, which provides, in pertinent part, that "No law impairing the obligation of contracts shall be enacted." The plaintiff seeks an injunction to compel specific performance of the obligations of the alleged contract or, in the alternative, damages for his out-of-pocket expenditures and reimbursement for the time expended by him. The court below gave judgment for the defendant on the pleadings for failure to state a cause of action on which relief could be granted. Rule 12(c), Fed. R. Civ. Proc., 28 U.S.C. This appeal followed.

It is asserted that the bonds in question could find authorization in Section 8(b) of the Revised Organic Act of the Virgin Islands, 48 U.S.C.A. § 1574(b), which provides that the Virgin Islands Legislature may issue revenue

bonds "(1) for a specific public improvement or specific public undertaking authorized by an act of the legislature, and (2) for the establishment, construction [or] operation . . . of other projects, authorized by an act of the legislature, which will, in the legislature's judgment, promote the public interest by economic development of the Virgin Islands."

On the present record, in view of the rather broad authorization contained in the statute, and taking judicial notice, as we may, of the importance of tourism in the Virgin Islands economy, we are presently unable to accept the defense asserted by the Government of the Virgin Islands that such bonds cannot be in the public interest and that therefore the authorizing Acts of the Legislature were invalid. Legislative history of the Resolution and the Acts might prove helpful in resolving the issue, if legislative history is available. The major issues presented by the case at bar are of mixed law and fact and must be decided by the court below. The record contains many hiatuses where findings of fact and conclusions of law are necessary. For example, it was asserted by the defendant in the court below that the purported contract contains no obligation on the part of the plaintiff to expend funds in anticipation of the issuance of the bonds and that he has sued only for damages based on expenditures and for his own time in preparing for the bond issue. This seems to be an allegation of lack of consideration, but again a mixed question of law and fact is presented. There are not sufficient facts in the record to permit a determination of this question. The record also is devoid of any indication as to what the proposed rules and regulations were to be. Whether the refusal to accept the rules and regulations apparently proffered by the plaintiff were reasonable is also a mixed question of fact and law.

Assuming arguendo that it may be determined ulti-

mately that the bonds could not be issued because prohibited by law, it does not necessarily follow that the plaintiff may not be entitled to the damages claimed by him in the alternative or some part of them.

The equivalent of serious constitutional questions seem presented. Under the circumstances at bar a full record is necessary for the determination of the issues. Sincock v. Terry, 210 F.Supp. 396, 399–400 (D.C.Del. 1962).

■ We cannot say that upon the face of the pleadings that the defendant was entitled to judgment. It follows, therefore, that the court below erred in giving judgment for the defendant under Rule 12(c). Accordingly, the judgment will be reversed and the case remanded to the court below for trial.