GLENIS MARTIN

v.

VIRGIN ISLANDS NATIONAL BANK, ALBERT COMMISSIONG, and SARAH DOE (Female teller at Bank)

VIRGIN ISLANDS NATIONAL BANK, Appellant in No. 71-1476

ALBERT COMMISSIONG, Appellant in No. 71-1477

MARIE DANET, Appellant in No. 71-1478

Nos. 71-1476 through 71-1478

United States Court of Appeals

Third Circuit

Submitted Under Third Circuit Rule 12(6)

January 26, 1972

Decided March 10, 1972

THOMAS W. FINUCAN, ESQ. (BORNN, MCLAUGHLIN and FINUCAN), Charlotte Amalie, St. Thomas, V.I., *for appellants*

ALEXANDER A. FARRELLY, ESQ. (BIRCH, DEJONGH and FARRELLY), Charlotte Amalie, St. Thomas, V.I., *for appellee*

Before SEITZ, *Chief Judge*, ALDISERT and GIBBONS, *Circuit Judges*

## OPINION OF THE COURT

PER CURIAM:

Plaintiff sought a judgment in the Municipal Court of the Virgin Islands against defendant-bank and two of its employees for false arrest. At the close of her evidence plaintiff moved to amend her complaint to add a cause of action for false imprisonment. The court granted the motion. At the conclusion of the trial judgment was granted in favor of plaintiff. Defendants appealed to the District Court which affirmed.

Defendants' sole contention on appeal is that it was error for the Municipal Court to permit the amendment to add a claim for false imprisonment since the statute of limitations had then run on any new claim. Plaintiff argues that FED. R. CIV. PRO. 15(c) clearly supports the granting of the amendment.

Rule 15(c) provides in pertinent part that "Whenever the claim . . . asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth . . . in the original pleading, the amendment relates back to the date of the original pleading." The plaintiff attempted to cash two travelers checks which the owner had transferred to her and which she endorsed. Because of a discrepancy between the owner's signature and the countersignature the bank employees caused plaintiff to be arrested and "imprisoned" under circumstances which rendered them

civilly liable. We have no doubt that the false imprisonment claim arose out of the conduct or occurrence set forth in the original complaint. Thus, Rule 15(c) was applicable. The false imprisonment claim therefore related back to the date of the original pleading and was not barred by the statute of limitations.

The judgment of the district court will be affirmed.