**EZEKIEL LEONARD, Administrator of the Estate of WINSTON LEONARD, and EZEKIEL LEONARD, Individually, Plaintiffs**

v.

**GOVERNMENT OF THE VIRGIN ISLANDS, Defendant**

Civil No. 151/1979

Territorial Court of the Virgin Islands

Div. of St. Thomas and St. John

December 19, 1980

SAMUEL H. HALL, JR., ESQ., St. Thomas, V.I., *for plaintiffs*

ALAN D. SMITH, ESQ., Assistant Attorney General (Department of Law), St. Thomas, V.I., *for defendant*

FEUERZEIG, *Judge*

## MEMORANDUM OPINION AND ORDER

The Government of the Virgin Islands moves for partial summary judgment to limit its total liability to $25,000 in this wrongful death action brought on behalf of four survivors of Winston Leonard.[1] The Virgin Islands Tort Claims Act limits the liability of the Government to $25,000 in a single judgment. 33 V.I.C. § 3411(c) (Supp. 1979). Because all four survivors' claims are asserted in one lawsuit, the Government argues that each survivor's claim is derived from the single alleged wrong done to the decedent. Winston Leonard. Therefore, the Government contends that all the survivors are limited to a single judgment of no more than $25,000. See Horowitz v. Government of the Virgin Islands, Civil No. 75/700 (D.V.I., Div. of St. Croix, January 4, 1977) (Findings of Fact and Conclusions of Law).

Ezekiel Leonard, the plaintiff, as personal representative of the decedent's estate and the survivors, opposes the motion. He contends that the Wrongful Death Act[2] grants each survivor a statutory right to recover damages. While the claims of each survivor are all made in one suit, Leonard argues that they are not derivative from any single claim. Consequently, Leonard says each survivor should be able to recover up to $25,000. The court agrees, and the Government's motion for partial summary judgment will be denied.

■■ The Virgin Islands' Wrongful Death Act was enacted in 1974 to allow a decedent's survivors to recover more damages than did its predecessor.[3] Leg. Debate, 10th Leg. Sess., April 3, 1974. The act was patterned after the Florida Wrongful Death Act, thought by the Legislature to be the most liberal in allowing survivors to recover damages. Id. In fact, our Legislature copied the Florida Act, F.S. § 768.16 et seq. (1979), word for word with few exceptions. The new act allows damage awards for a surviving spouse, minor children, parents and, when dependent on the decedent for support

---

[1] Plaintiff, Ezekiel Leonard, Administrator of the Estate of Winston Leonard, has filed suit alleging that the Government was negligent when a police officer shot and killed Winston Leonard while attempting to arrest him. Mr. Leonard is survived by two children and his parents, and damages are sought on behalf of the estate and each survivor.

[2] 5 V.I.C. § 76 (Supp. 1979).

[3] 5 V.I.C. § 76 (Supp. 1979), Act No. 3356, enacted April 29, 1974 replaced 5 V.I.C. § 76 (1967), which was enacted on May 16, 1957 when the Virgin Islands Code was adopted.

or services, any blood relatives and adoptive brothers and sisters. 5 V.I.C. § 76(b) and (e) (Supp. 1979). The act also details the types of damages that each survivor and the estate may recover. 5 V.I.C. § 76(e) (Supp. 1979), F.S. § 768.21 (1979).

 Forcing all survivors to assert their claims in a single lawsuit was another change made by the new act. It was this reform that created the issue before the court and an apparent ambiguity between the Wrongful Death Act and the $25,000 damage limitation in the Tort Claims Act. Under the old Wrongful Death Act a defendant could be forced to defend several lawsuits, but multiple suits were expressly eliminated by the new law. Compare 5 V.I.C. § 76(d) (Supp. 1979) with 5 V.I.C. § 76 (1967). See Wilcox and Melville, The Computation of Damages Under the New Florida Wrongful Death Act, 26 U. Miami L. Rev. 738 (1972). The new law, however, requires that damages awarded to each survivor be reported separately in the verdict. 5 V.I.C. § 76(f) (Supp. 1979). Because the $25,000 damage limitation applies to a single judgment, it is unclear whether the limitation per judgment is to be imposed on each separately reported damage award, or on all awards combined in the verdict. 33 V.I.C. § 3411(a) (Supp. 1979).

 The Government makes much of the argument that the claim of each survivor is derivative and that the Tort Claims Act, therefore, limits the plaintiffs to a single $25,000 judgment. Horowitz, supra. Labeling the survivors' rights derivative, however, is wrong. More importantly, it fails to resolve the ambiguity at issue. The Government's sole authority for asserting that the claims here are derivative is Horowitz, supra, which involves a loss of consortium claim. Assuming Horowitz is correct insofar as it concerns a loss of consortium claim, its applicability to a wrongful death action is very questionable.[4] This is because it is "universally recognized" that the essence of a wrongful death action is the compensation of a survivor for his own injury. Moragne v. States Marine Lines, Inc., 398 U.S. 375, 385 (1970). A survivor's injury is distinct from the

---

[4] Horowitz, supra, consists of unreported findings of fact and conclusions of law which contain no analysis. The court does not feel these bare conclusions are controlling. The court also does not believe the oral findings in Hodge v. Monsanto, Civil No. 75-522 (D.V.I., Div. St. T. & St. J., November 28, 1977), which are cited by Leonard, are apposite. Hodge involved separate claims under the Tort Claims Act, which Chief Judge Christian found were not derivative. He thus held that the several plaintiffs' combined recoveries could exceed the $25,000 limitation of 33 V.I.C. § 3411(c) (Supp. 1979), a decision which clearly is distinguishable from this case.

victim's, and the survivor's right to sue for damages is independent of the right of the victim's estate to recover. Id. Finally, a derivative claim generally is defined as a suit by a shareholder to enforce a corporate cause of action. Black's Law Dictionary, p. 530 (Rev. 4th Ed. 1968). Nothing has been cited to the court to cause it to believe that this general meaning should be expanded to encompass this case. Construction of the territory's Wrongful Death and Tort Claims acts is better guided by our Legislature's intent than by legal classifications.

■ The clear legislative intent of the Wrongful Death Act, which was to expand survivor's rights to recover damages, compels a conclusion that each award must be construed separately when rendered against the Government. Without question, under the previous Wrongful Death Act, each survivor could bring a separate suit for the full damage limit of $25,000 against the Government. 5 V.I.C. § 76 (1967). This earlier act did not require that all claims be joined in a single suit. In requiring the joinder of all claims in the new act, no intent to limit a survivor's rights to recover was expressed by the Legislature and none, therefore, should be inferred. Clearly, this inference would be improper because it would result in drastically reduced damages against the Government under an act that was expressly adopted to produce greater recoveries. Rather, the court construes this as a mere procedural reform, as expressly noted in the Florida Act. Wilcox and Melville, supra, 26 U. Miami L. Rev. 738. Moreover, it is a procedural reform that is totally consistent with Rule 42(a) of the Federal Rules of Civil Procedure, 5 V.I.C. App. I, R. 42 (1966), 5 V.I.C. App. IV, R. 7 (1966), which permits consolidation of actions involving a common question of law or fact.

The legislative history also reveals that the Legislature did not consider the interplay of the new Wrongful Death Act with the Tort Claims Act and its limitations on damages. Similarly, Florida's Legislature did not consider the interaction of its Wrongful Death Act with a limitation on damages in actions against the state. This was because Florida had not yet waived its sovereign immunity when it enacted its Wrongful Death Act. Florida subsequently waived its sovereign immunity, but that waiver does not limit damages as now urged by the Government of the Virgin Islands. Damages in suits against the state of Florida as a result of the same incident now are limited to double the amount of recovery for one claimant, or $100,000. F.S. § 768.28 (1979). If the Legislature con-

173

cludes it is necessary to limit damages in wrongful death actions against the Virgin Islands Government, it, of course, is free to adopt this approach.

For the reasons stated in this opinion, it is

ORDERED that the Government's motion for partial summary judgment limiting its liability to $25,000 in this suit is denied.