**YVONNE ROEBUCK, Plaintiff**

**v.**

**VIRGIN ISLANDS HOUSING AUTHORITY and GOVERNMENT OF THE VIRGIN ISLANDS, Defendants**

Civil No. SX-07-CV-195

Superior Court of the Virgin Islands

Division of St. Croix

May 7, 2014

137

BRADY, *Judge*

## MEMORANDUM OPINION

(May 7, 2014)

THIS MATTER is before the Court on Defendant Virgin Islands Housing Authority's ("VIHA") Motion to Dismiss for Failure to State a

Claim, filed July 23, 2007; Plaintiff's Opposition to Defendant VIHA's Motion to Dismiss, filed June 5, 2008; VIHA's Reply Brief in Support of Motion to Dismiss, filed July 8, 2008; VIHA's Renewed Motion to Dismiss and in the Alternative, Motion for Summary Judgment and Memorandum in Support thereof ("Motion"), filed November 21, 2012; Plaintiff's Opposition thereto ("Opposition"), filed February 1, 2013; VIHA's Reply in Support of its Renewed Motion ("Reply"), filed February 19, 2013; Plaintiff's Emergency Motion for Status Conference, filed November 26, 2013; and Plaintiff's Motion to Schedule Bench Trial, filed April 11, 2014.[1] For the reasons that follow, the Court will grant VIHA's Motion for Summary Judgment and dismiss Plaintiff's Complaint against VIHA and GVI with prejudice. As such, Plaintiff's motions for status conference and to schedule bench trial will be denied as moot.

## FACTUAL BACKGROUND

Plaintiff retired as an employee of Defendant VIHA on April 30, 2001. In February 2001, shortly before her retirement, Plaintiff notified VIHA that she had become a Social Security recipient and that Medicare would serve as her primary health care carrier, and CIGNA, her former primary health care carrier through her employment, would become her secondary health care carrier. Complaint, ¶7. Upon her retirement, on or about April 30, 2001, Plaintiff notified VIHA that her biweekly premium deduction for CIGNA coverage needed to be reduced to reflect her status as a retiree, "as the other similarly situated retirees of the Government of the Virgin Islands." Id. at ¶8. Despite Plaintiff's numerous requests, VIHA never adjusted Plaintiff's biweekly premium deduction which continued "at the same rate as when Plaintiff was an active employee of Defendant." Id. at ¶9. Plaintiff's attempts to resolve this issue with VIHA have been disregarded and Plaintiff claims that she "continues to be deprived of the full use of her retirement funds." Id. at ¶11.

---

[1] Defendant Government of the Virgin Islands ("GVI") has not participated in this motion practice. GVI has filed no answer or other pleading in response to Plaintiff's Verified Complaint ("Complaint"). GVI's sole appearance in this action is its Opposition to Plaintiff's Motion for Entry of Default and Memorandum of Law in Support, filed August 7, 2008. No ruling has ever been entered on Plaintiff's Request to Clerk to Enter Default and Motion for Entry of Default Judgment against GVI, both filed June 27, 2008. In light of the dismissal of Plaintiff's Complaint herewith, Plaintiff's Request and Motion for Default as to GVI are denied as moot.

Plaintiff argues that the conduct of VIHA and GVI constitutes a breach of contract, both express and implied; that the actions of Defendants constitute bad faith and unfair dealing; and that Defendants have breached a fiduciary duty owed to Plaintiff, all with resulting damages to Plaintiff. *Id.* at ¶¶13-14; 16-17; 19-20.

VIHA responds to Plaintiff's primary argument that she is entitled to the same premium reductions offered to GVI retirees by stating that VIHA contracted directly with CIGNA, outside of the GVI Group Health Plan during the years 2000-2011. Reply, at 4. Unlike the GVI plan, under the VIHA plan with CIGNA, retirees and active employees paid the same premiums. Motion, Exhibit A, ¶4. A result of VIHA contracting with CIGNA, separate and distinct from the GVI health insurance plan, was that higher premiums were charged than had been previously paid by VIHA employees prior to 2000 when they were covered under the GVI plan. Motion, at 2. To protect its employees from paying higher premiums than their GVI counterparts, VIHA absorbed the excess premium costs for several years. *Id.* However, after June, 2005, VIHA determined that it could no longer subsidize its employees' premiums, with the result that employee contributions to the VIHA health plan with CIGNA increased. *Id.*

VIHA argues that, as a semi-autonomous agency, it had the legal authority to enter into a contract directly with CIGNA to provide health coverage to its employees, and that Plaintiff is entitled only to the benefits available under that independently negotiated contract. *Id.* at 8-9. VIHA moves for dismissal of Plaintiff's Complaint for failure to state a valid claim, or in the alternative, as there are no disputed genuine issues of material fact, for summary judgment.

Despite the fact that GVI has failed to substantively respond to Plaintiff's Complaint, Plaintiff has not differentiated her claims against VIHA from her claims against GVI. In fact, her Complaint contains no specific allegations against GVI. Rather, she equates actions taken by VIHA with those of GVI, and refers to both jointly as "Defendants." For example, Plaintiff indicates that by CIGNA's records she was "still being carried as an active employee of Defendant VIHA and CIGNA received no record of her retirement from employment with Defendants." Complaint, ¶10. Accordingly, as Plaintiff alleges the liability of both Defendants jointly, the Court will likewise jointly address Plaintiff's

factual and legal claims against VIHA and GVI in considering VIHA's Motion.

## DISCUSSION

The Court regards VIHA's Motion as a motion for summary judgment, as both Plaintiff and VIHA have submitted matters outside the pleadings. FED. R. CIV. P. 12(d). A moving party will prevail on a motion for summary judgment where the record shows that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a), applicable pursuant to SUPER. CT. R. 7; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). The Court must determine whether there exists a dispute as to a material fact, the determination of which will affect the outcome of the action under the applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). Such a dispute is genuine if the evidence is such that a reasonable trier of fact could return a verdict for the nonmoving party. *Id.* In analyzing the evidence, the Court must consider the pleadings and full factual record, drawing all justifiable inferences in favor of the nonmoving party, to determine whether the movant has met its burden of showing that there is no unresolved genuine issue of material fact. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986).

A party opposing a motion for summary judgment may not rest upon the allegations or denials within its pleadings, but must set forth specific facts showing that there is a genuine issue for trial, such that the jury or judge as fact finder could reasonably find for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 248. The non-moving party asserting that a fact is genuinely disputed must support the assertion by "citing to particular parts of materials in the record . . . ." FED. R. CIV. P. 56(c)(1)(A). *See also Williams v. United Corp.*, 50 V.I. 191, 194 (V.I. 2008), citing Rule 56(e) prior to its 2010 amendment. "As to materiality, only those facts that 'might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.' " *Id. (quoting Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 248).

### I. There are no genuine issues of material fact that preclude the entry of summary judgment in this case.

The Court first examines whether there are any genuine disputes of material fact that would preclude entry of judgment as a matter of law at

this stage. Plaintiff opposes VIHA's Motion, claiming the existence of disputed issues of material fact which require that the Motion be denied.

Plaintiff claims "the facts (sic) in dispute is that Defendant VIHA, upon notice from Plaintiff, failed to take the necessary actions to have Plaintiff's payroll deduction for the CIGNA premiums adjusted to reflect her retiree status at that time." Opposition, at 8. However, VIHA simply does not dispute this fact. VIHA acknowledges that Plaintiff's "retirement status had no affect (sic) on her premium payment for CIGNA health coverage however, as retirees and employees under the CIGNA plan paid the same premiums." Motion, at 5. The lack of dispute on this point is confirmed by Affidavit of by Jennifer Laslovich, VIHA's Deputy Executive Director, who stated that "Under VIHA's insurance contract with CIGNA, retirees and active employees paid the same premiums." Motion, Exhibit A, ¶4. As the parties concur, there is no fact in dispute in regard to this issue.

Plaintiff further argues that VIHA has conceded its obligation to reduce Plaintiff's premiums on her retirement because "VIHA made the necessary adjustments with CIGNA for some of the other similarly situated retirees but failed to make the adjustment for Plaintiff." Opposition, at 8-9. Plaintiff is correct that VIHA disputes this "fact." (See Motion, at 13: "All of VIHA's insured employees, active and retired, paid the exact same premiums." Reply, at 5-6: "All employees, whether active or retired, paid the same premiums under VIHA's health contracts with CIGNA from 2000 to 2011.") In addition to argument of counsel, VIHA points to the sworn Affidavit of its Deputy Executive Director in the record before the Court, who states that "For the years 2001 through 2012, when VIHA joined the Government's Group Health Insurance Plan, premium payment deductions of Yvonne Roebuck for health coverage through CIGNA were the same as deductions for active employees and other retirees for the coverage plan selected." Motion, Exhibit A at ¶8.

██ ██ Plaintiff fails here as she has not "support[ed] the assertion by citing to particular parts of materials in the record." FED. R. CIV. P. 56(c)(1)(A). The argument of Plaintiff's counsel, without evidentiary support in the record, is insufficient to establish the existence of a disputed genuine issue of material fact. A "material" fact is one that will affect the outcome of the suit under applicable law, and a dispute over a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *See Mingolla v. Minnesota Mining, and*

*Mfg. Co.*, 893 F. Supp. 499, 503 (D.V.I. 1995). Here, there is no evidence in the record to support Plaintiff's claim that she paid premiums different from those paid by her similarly situated peers. Without such evidentiary proof to be presented to the fact finder for determination, this disputed fact is not "genuine." No reasonable jury, viewing the evidence before the Court, could return a verdict finding that Plaintiff paid premiums in excess of other VIHA retirees.

Plaintiff argues further that VIHA has taken conflicting positions, stating on the one hand that when it negotiated its own group policy with CIGNA with resulting higher premiums, it determined to absorb the increase in premiums charged to allow VIHA employees to pay premiums comparable to their GVI employee counterparts. According to Plaintiff, VIHA takes the inconsistent position that, unlike GVI retirees and employees covered under the GVI plan, VIHA retirees and employees and retirees paid identical premiums. Since VIHA determined to provide its retirees and employees with the same benefits as those covered under the GVI policy, it was bound to offer its retirees the same reduced premiums paid by GVI retirees. Plaintiff asserts that VIHA's disagreement with this position "magnifies the issues in dispute." Opposition, at 13.

However, Plaintiff's recitation of the allegedly conflicting positions she ascribes to VIHA does not describe genuine issues of material facts in dispute, but rather restates her argument that "Logically, the same premium paid by government retirees would be applicable to Plaintiff." *Id.* at 12. As noted, Plaintiff presents no reference to facts in the record, and presents no law to support her "logical" conclusion that VIHA was bound to charge its retirees health insurance premiums based not upon VIHA's contractual relationship with CIGNA but rather upon the separate and distinct GVI group health policy.

On the basis of the factual record and the arguments of the parties, the Court finds that there are no genuine issues of material fact in dispute. Since no outstanding disputed genuine issues of material fact require determination by the fact finder at trial, the Court must analyze whether VIHA is entitled to judgment as a matter of law on its Motion.

## II. Defendant VIHA did not breach its contract with Plaintiff.

By her Complaint, Plaintiff seeks reimbursement for the damages she claims to have suffered when VIHA failed to adjust deductions from

retirement checks to pay her insurance premiums at the same rate as when she was an active employee of VIHA. Complaint, ¶9. The conduct of VIHA constituted a breach of contract, both express and implied, resulting in damages to Plaintiff. Complaint, ¶13-14.

■ To prevail on her breach of contract claim, Plaintiff must "prove that there was 1) an agreement, 2) a duty created by that agreement, 3) a breach of that duty, and 4) damages." *Davis v. Ragster*, 49 V.I. 932, 941 (D.V.I. 2008) (*citing Stallworth Timber Co. v. Triad Bldg. Supply*, 968 F. Supp. 279, 282, 37 V.I. 49 (D.V.I. App. Div. 1997)).

Plaintiff does not dispute that Defendant VIHA has the authority to enter into contracts necessary to the "exercise of its powers and function functions." V.I. CODE ANN. tit. 29, § 35. Opposition, at 10. Plaintiff argues, however, that VIHA's Personnel Policies and Procedures Manual created an implied contract between Plaintiff (as employee) and VIHA (as employer). Opposition, at 6, citing *Smith v. V.I. Port Authority*, 46 V.I. 466, 473 (D.V.I. 2005). VIHA argues that even if the Personnel Policies and Procedures Manual constitutes an implied contract between the parties, there is no breach of any duty imposed by the contract. Reply, at 4.

Plaintiff refers to Section XII (Employee Benefits Programs) of the VIHA Personnel Policies and Procedures Manual that she has presented as Exhibit 2 to her Opposition. By subsection A (Group Health Insurance Program): "All full-time employees and their eligible dependents are eligible to participate in VIHA's group health insurance program." Accepting the argument that the Personnel Policies and Procedures Manual sets forth contractually binding terms between VIHA, as employer, and its employees, VIHA fulfilled the duty imposed by the contract's terms by making the group health policy available to Plaintiff.

Section XII specifically includes the following provision as to employee benefits, including group health care coverage:

> VIHA reserves the right to amend or terminate any of these programs or to require or increase employee premium contributions as may be required by financial necessity.

Conversely, there is no language in the Personnel Policies and Procedures Manual, nor is there any other obligation apparent anywhere in the existing record, that creates in VIHA a duty to provide to its employees the same benefits, and to treat them in the same manner

concerning its health insurance program, as GVI provides to GVI employees under its own contractual relationship with CIGNA, which was separate and distinct from the VIHA policies in effect for the relevant periods with regard to Plaintiff's claims.

Plaintiff appears to imply, without directly presenting the argument, that once VIHA absorbed a portion of the policy premiums for health coverage for its employees, the contractual relationship between the parties was amended such that VIHA became bound to continue to provide such enhanced benefits. However, without a clear articulation of the factual basis for such a claim, and without recitation to any support in law, the Court will not look outside the "contractual" language of the VIHA Personnel Policies and Procedures Manual, by which VIHA retained broad discretion to amend its employee health insurance program and to require or increase employee premium contributions without consultation with, notice to or approval of its employees.

■ Even considering VIHA's Personnel Policies and Procedures Manual as an implied contract between Plaintiff and VIHA, there is imposed upon VIHA no contractual duty to provide to Plaintiff benefits different or enhanced in any manner from the benefits provided by VIHA to Plaintiff following her 2001 retirement from VIHA. Accordingly, Plaintiff's breach of contract claim fails.

### III. Plaintiff's bad faith and unfair dealing claim is without merit.

In Count II of her Complaint, Plaintiff alleges Defendants' bad faith and unfair dealing. While she has failed in her Complaint and her filings to describe the factual and legal bases of her claim, it is understood that Plaintiff posits that VIHA's failure to provide her the identical health insurance benefits and terms provided by GVI to its employees constitutes a violation of the implied duties of good faith and fair dealing imposed upon all contracting parties.

■ Plaintiff's claims of bad faith and unfair dealing are analyzed pursuant to the provisions of RESTATEMENT (SECOND) OF CONTRACTS § 205: "Every contract imposes upon each party a duty of good faith and fair dealing in its performance and its enforcement."[2]

---

[2] By establishing the Supreme Court of the Virgin Islands as the repository of "the supreme judicial power of the Territory" (4 V.I.C. § 21), the Legislature implicitly repealed 1 V.I.C.

■ To state a claim for breach of the implied duty of good faith and fair dealing in the Virgin Islands, a plaintiff must allege: "(1) that a contract existed between the parties, and (2) that, in the performance or enforcement of the contract, the opposing party engaged in conduct that was fraudulent, deceitful, or otherwise inconsistent with the purpose of the agreement or the reasonable expectations of the parties." *LPP Mortgage Ltd. v. Prosper*, 50 V.I. 956, 960-61 (D.V.I. 2008).[3]

As with the analysis of Count I of the Complaint, above, we accept the fact of the existence of a contract between the parties in the context of their employment relationship. To permit Plaintiff's claim of a breach by VIHA of the implied covenants of good faith and fair dealing, she must present evidence by which a fact finder could determine that VIHA engaged in conduct that was fraudulent, deceitful, or otherwise inconsistent with the purpose of their contractual relationship or inconsistent with the reasonable expectations of the parties.

Plaintiff has not alleged fraudulent conduct of VIHA and has not presented in her pleadings the particular circumstances that constitute fraud, as required by FED. R. CIV. P. 9(b). In none of her filings does Plaintiff allege deceit on the part of VIHA, but rather that VIHA was bound to see that her health care benefits were substantively consistent with those of GVI employees. In essence, her claim concerning Count II of her Complaint is that the conduct of VIHA in performing its obligations thereunder was inconsistent with the reasonable expectations of Plaintiff.

We have determined above that Plaintiff has presented insufficient evidence to support the allegation that she paid different health insurance premiums than did other similarly situated VIHA employees and retirees. Further, there is no basis in the record upon which a reasonable jury could determine that inconsistencies between policy premiums paid by Plaintiff

---

§ 4, such that the restatements of the law approved by the American Law Institute are no longer binding legal authority, but may constitute persuasive authority in determining the common law of the Virgin Islands. *Banks v. Int'l Rental & Leasing Corp.*, 55 V.I. 967 (V.I. 2011).

[3] The Virgin Islands Supreme Court recently affirmed the Superior Court's grant of summary judgment based on a party's failure to establish a genuine dispute of material fact concerning a breach of the implied covenants of good faith and fair dealing under RESTATEMENT (SECOND) OF CONTRACTS § 205. As such, it is not necessary in this case to conduct a *Banks* analysis to determine the applicability of this Restatement provision. *Chapman v. Cornwall*, 58 V.I. 431 (V.I. 2013).

and those paid by GVI retirees (if proven to exist) constituted a breach by VIHA of its obligations to perform in good faith and engage in fair dealing.

■ Even if VIHA's performance in setting premiums was inconsistent with Plaintiff's expectations, no claim for breach of the obligation of good faith and fair dealing is presented. In light of the terms of the Personnel Policies and Procedures Manual reserving to VIHA the right to set and change terms of employee benefits, Plaintiff could have maintained no *reasonable* expectation that VIHA was bound to conform policy premiums to those of GVI retirees.

Plaintiff's claim in this regard is devoid of factual support in the record and Plaintiff has cited no case law or other legal authority by which a finder of fact could find VIHA liable to Plaintiff for bad faith and unfair dealing. Therefore, the Court finds that Plaintiff's bad faith and unfair dealing claim is without merit.

### IV. Plaintiff's breach of fiduciary duty claim is without merit

Count III of Plaintiff's Verified Complaint alleges breach of fiduciary duty by both Defendants. However, Plaintiff fails to offer in her Complaint and subsequent filings any factual or legal basis upon which she may prevail on her breach of fiduciary duty claim.

■ "[T]o establish a claim for breach of fiduciary duty: (1) there must be a fiduciary relationship, (2) the fiduciary must have breached its duty imposed by such relationship, (3) the plaintiff must have been harmed, and (4) the fiduciary's breach must be a proximate cause of the plaintiffs harm." *Watts v. Blake–Coleman*, Civil No. 2011-61, 2012 U.S. Dist. LEXIS 43454, *12-13 (D.V.I. March 29, 2012). Courts in the Virgin Islands have described a fiduciary relationship existing between two persons when "one of them is under a duty to act for or to give advice for the benefit of another upon matters within the scope of the relation." *Guardian Insurance Co. v. Hani Khalil*, 2012 WL 3114601, at *7 (V.I. Super. Ct. July 26, 2012).

■ Here, VIHA was under no duty to act for Plaintiff except as defined by their employment relationship, arguably including its obligations under the Personnel Policies and Procedures Manual. Even if a fiduciary relationship can be deemed to have existed on the basis of the obligation of VIHA to provide benefits to Plaintiff, including health insurance

coverage, there is no factual basis in the record for a finding of a breach of any such duty. As discussed, the relevant language gives VIHA broad discretion to adjust its employees' premiums and coverage at will and without employee consent.

Therefore, by the facts in the record, VIHA cannot be seen to have breached any duty arising from a fiduciary relationship with Plaintiff. As such, Plaintiff's breach of fiduciary claim is without merit.

## CONCLUSION

There are no genuine issues of material fact that prevent entry of judgment as a matter of law. Examining the facts in the record in the light most favorable to the nonmoving party, VIHA did not breach any duty owed to Plaintiff by adjusting Plaintiff's insurance premiums, according to VIHA's Personnel Policies and Procedures Manual. Therefore, Defendants are entitled to judgment dismissing Plaintiff's breach of contract claim.

Plaintiff's bad faith/unfair dealing and breach of fiduciary claims are without merit as they lack any significant basis in the factual record or controlling law.

In consideration of the foregoing, an Order will enter simultaneously with entry of this Memorandum Opinion granting VIHA's Motion and dismissing Plaintiff's Complaint with prejudice as to Defendant VIHA and the Defendant Government of the Virgin Islands.