**ROSALIND TOBAL, individually and as personal representative of the Estate of Carol Sampson, deceased, Plaintiff,**

**v.**

**ALEJANDRO C. CEBEDO, M.D., Jane Doe, charge nurse and Mary Does 1-5 who are unidentified nursing personnel who cared for the Deceased June 18-19, 1995; the Gov. Juan F. Luis Hospital and Medical Center, the JFL Governing Board, The Government of the Virgin Islands, Defendants**

Civ. No. 374/1997

Territorial Court of the Virgin Islands

Div. of St. Croix

June 18, 1999

FELICE M. QUIGLEY, ESQ., St. Croix U.S.V.I., *for Plaintiff*

R. ERIC MOORE, ESQ., St. Croix, U.S.V.I., *for defendant, Dr. Cebedo*

WILFREDO A. GEIGEL, ESQ., St. Croix, U.S.V.I., *for Government of the Virgin Islands*

ROSS, *Judge*

### MEMORANDUM OPINION

This matter comes to the court on defendant, Alejandro Cebedo, M.D.'s motion to strike plaintiff's claim for non-economic damages

in excess of $75,000.00 and plaintiff's response thereto. Plaintiff prays for recovery on behalf of the survivors and the estate of Carol Sampson. The issue is whether the statutory cap of $75,000.00 on non-economic damages applies individually or collectively to each survivor or beneficiary in a wrongful death action based on medical malpractice.

*Facts:*

On June 17, 1995 Carol Sampson was stabbed several times by her husband and transported to the Juan F. Luis Hospital and Medical Center for treatment. Defendant Cebedo, the doctor on call for surgical emergencies, attended to Mrs. Sampson and determined that the wounds to the patient's abdomen and left forearm were not life threatening and sutured the wounds. After admittance to the surgical floor, Mrs. Sampson was given medication as she continually complained of abdominal pain and the inability to sleep. Hospital records indicated a fluctuation in blood pressure and pulse rate, a large intake of liquid with a corresponding and uncharacteristically low urine output, and swelling around the abdominal wound. Mrs. Sampson died June 18, 1995. Ms. Rosalind Tobal, appointed personal representative of the Estate of Carol Simpson, filed this action pursuant to 5 V.I.C. § 76 on behalf of the survivors and potential beneficiaries of the decedent's estate alleging that several instances of negligence led to the death of Mrs. Sampson.

*Applicable Statutes:*

The issue in this case involves the Virgin Islands Health Care Providers Malpractice Act, Title 27 § 166b (hereinafter "HCPMA") and the Virgin Islands Wrongful Death Statute, 5 V.I.C. § 76, which must be read in conjunction with each other. In pertinent part, each provides as follows:

**27 V.I.C. § 166b. Limitation on recovery; punitive damages; wrongful death**

    (b) The only damages which may be awarded in an action under this subchapter are the following: . . .
    (2) non-economic damages.

51

(c) The total amount awarded for non-economic damages for any injury to a patient as a result of a single occurance in an action under this subchapter may not exceed seventy-five thousand dollars ($75,000.00).

(f) The recovery in an action for wrongful death of a patient shall be as provided in Title 5, section 76, Virgin Islands Code, and shall be subject to the same limitations on recovery as are provided for in this section.

## 5 V.I.C. § 76. Action for wrongful death

### Legislative intent

(a) It is the public policy of the Territory to shift the losses resulting when wrongful death occurs from the survivors of the decedent to the wrongdoer. Subsections (b) through (j) of this section are remedial and shall be liberally construed.

### Right of Action

(c) When the death of a person is caused by the wrongful act, negligence . . . and the event would have entitled the person injured to maintain an action and recover damages if death had not ensued, the person . . . that would have been liable in damages if death had not ensued shall be liable for damages as specified in this section notwithstanding the death of the person of the person injured, although death was caused under the circumstances constituting a felony.

### Parties

(d) The action shall be brought by the decedent's personal representative, who shall recover for the benefit of the decedent's survivors and estate all damages, as specified in this section, caused by the injury resulting in death. When a personal injury to the decedent results in his death, no action for the personal injury shall survive, and such action pending at the time of death shall abate. . .

(e) All potential beneficiaries of a recovery for wrongful death, including the decedent's estate, shall be indentified in the complaint and their relationship to the decedent shall be alleged. Damages may be awarded as follows: ...

(1) Each survivor may recover the value of lost support and services from the date of the decedent's injury to his death, with interest, and future loss of support and services from the date of death and reduced to present value. In evaluating loss of support and services, the survivor's relationship to the decedent . . . and the replacement value of the decedent's services to the survivor may be considered.

(2) The surviving spouse may also recover for loss of the decedent's companionship and protection and for mental pain and suffering from the date of injury.

(3) Minor children of the decedent may also recover for lost parental companionship, instruction and guidance and for mental pain and suffering from the date of injury . . .

*Analysis:*

The thrust of Defendant's motion is that Virgin Islands law clearly precludes the plaintiff from recovering more than $75,000.00 cumulatively and in support thereof defendant cites *St. Anthony Medical Center v. Smith*, 592 N.E.2d 732 (Ind.App. 1 Dist. 1992). Therein, an Indiana housewife sued a health provider for two alleged instances of malpractice as a result of her husband suffering a stroke which ultimately resulted in his death. In pertinent part the Indiana Medical Malpractice Act provided:

"(a) The total amount recoverable for any injury or death of a patient may not exceed five hundred thousand dollars ($500,000.) ...

(b) A health care provider qualified under this article is not liable for an amount in excess of one hundred thousand dollars ($100,000) for an occurrence of malpractice."

Indiana Code § 16-9.5-2-2. The Indiana court commented that although the wife's claim against the health care provider was based on medical malpractice, it was essentially a wrongful death claim. *St. Anthony* at 739. As such, reasoned the court, subsection (b)'s limitation on the health care providers's liability is to be read in conjunction with (a)'s limitation on the total amount recoverable "for any injury or death." Thus the court found although the plaintiff alleged more than one instance of malpractice resulting in a single injury, the stroke, her action derived from his death. The court concluded that the act's limitations allowed the wife to recover only once, for the death of her husband, and not as she argued for the separate instances of medical malpractice. *Id.* The court ultimately held that her total award would be $500,000, consistent with the statutory limitation on recovery.

The plaintiff's argument in opposition is twofold: (1) The law provides for recovery for each of the several alleged counts of negligence made in a complaint in a wrongful death action based on allegations of medical malpractice; and (2) That the cap on recovery of non-economic damages imposed by the HCPMA is to be applied to each survivor/beneficiary individually rather than to the consolidated action as a whole.

Plaintiff asserts that 27 V.I.C § 166b(c) allows recovery of not more than $75,000.00 for each separate occurrence of negligence in a medical malpractice suit. In support of her position, plaintiff offers the case of *Wiltshire v. Government*, 893 F.2d 629 (3d Cir. 1990) a medical malpractice case wherein the court concluded that the statutory cap of $75.000.00 was meant to be applied to each negligent event for more than one act of negligence. *Wiltshire* involved the issue of a recovery cap for more than one instance of negligence in a medical malpractice suit where no death occurred. Additionally, plaintiff relies on the holding in *Leonard v. Government of the Virgin Islands*, 17 V.I. 169 (T.C. 1980). Survivors in a wrongful death action against the government, not based on medical malpractice, were awarded the statutory cap on an individual basis under the Tort Claims Act, 33 V.I.C. § 3401 et seq. Based on both holdings, plaintiff contends that for each act of negligence, recovery should be had for each beneficiary not to exceed $75,000.00.

*Discussion:*

No action for wrongful death existed at common law.[1] Such an action is statutory and may be maintained only under the terms and authority of statute. It follows then that in accordance with our statute, negligent acts that lead to a decedent's death are of no consequence as plaintiffs are statutorily precluded from recovering for those negligent acts. Wrongful death statutes created a new cause of action *to compensate survivors for the loss occasioned by the death.* 5 V.I.C. § 76a; 22 AmJur 2d, Death § 27. *Nissan Motor Co. Ltd. v. Phlieger,* 508 So.2d 713,714 (Fla. 1987). Wrongful death statutes have been regarded as giving a single indivisible right to sue usually through a personal representative, based on the various beneficiaries' separate interests in the decedent's life, and the loss suffered by each by reason of the death. 5 V.I.C. §§ 76(d) and (e); *Cross v. Pacific Gas & Electric Co.,* 388 P.2d 353 (1964); 22 AmJur 2d, Death § 25. Determination of the losses to be recovered in a wrongful death action is made to depend upon the closeness of the survivor's relationship to the deceased, 5 V.I.C. § 76(e); *Miller v. Highlands Ins. Co.,* 336 So.2d (Fla. App. 1976), since each individual may have been affected differently by the death. *Tureaud,* supra at 17. In sum, non-economic recovery under a wrongful death statute is keyed to actual loss, to compensate for loss of a "relational interest" which may depend on individualized variables. *Chang v. State Farm Mutual Insurance Co.,* 514 NW 2d 399 (Wis. 1994).

In recognition of different degrees of relational interest and attendant loss due to wrongful death, our statute requires a jury to consider losses to the survivor and the estate individually rather than collectively, and to state amounts awarded to each survivor separately in the verdict. Title 5 § 76(f). Additionally, our statute separately delineates what type of noneconomic loss can be recovered by each category of survivor. 5 V.I.C. § 76(e)(2) and (3). Thus the court finds that the losses suffered by a wrongful death are of an individual and personal nature and damages are to be

---

[1] On the other hand at common law, a cause of action for personal injuries terminated with the death of the victim, or the wrongdoer. 22 AmJur2d, Death § 1. With respect to abatement of such an action, the Virgin Islands Wrongful Death statute follows the common law. *See* 5 V.I.C § 76(d), *supra.*

considered and awarded individually based on the specifications found in the Wrongful Death Act.

However, the issue before the Court involves the interaction of two statutes. Courts are only called upon to construe a statute when it is ambiguous or where there is doubt or uncertainty as to the legislative intent. *Archer v. Ramsay Motors*, 21 V.I. 540 (T.C. V.I. 1983). The Court sees no ambiguity in the statutory language or in how both statutes apply to each other as 5 V.I.C. § 76 states the types of losses recoverable, and 27 V.I.C § 166(c), the cap for noneconomic damages. We therefore also find, in a wrongful death action ensuing from medical malpractice, the limits on recovery under § 166(b) of the HCPMA should be applied to cap each individual plaintiff's recovery at $75,000.00.

■ While this case implicates the medical malpractice statute, it is at essence a wrongful death suit. It is the decedent's death from which the plaintiffs' action derives. As such, the intent of the wrongful death statute should determine the issue at bar. That statute places limits on the parties who may recover and the type of damages recoverable. The HCPMA simply caps the amount each individual can recovery. The Court's interpretation comports with the legislative intent to award to to plaintiffs in a wrongful death suit based on medical malpractice recovery on an individual, rather than a collective basis. While the lack of express legislative guidance as to what it intended in subjecting the wrongful death recovery to the limits in the HCPMA is dismaying, it is clear that our wrongful death statute is intended to compensate victims for their individual losses resulting from wrongful death. 5 V.I.C. § 76(a). A collective damage cap as advocated by the defendant would obviate the legislative intent. According to the language of the act, it is remedial and is to be liberally construed. *Id.* The Court thinks its interpretation is consistent with that intent.